FIRST NATIONAL BANK OF SPRINGFIELD, OHIO, Respondent, v. WILLIAM A. SKEEN, Appellant.

Kansas City Court of Appeals, February 6, 1888.

1. COMMERCIAL PAPER—NOTE PAYABLE " ON OR BEFORE " A DAY CERTAIN.—In this state, a note payable "on or before" a day certain, does not lose any of its quality as commercial paper, by reason of such a stipulation. And " in the United States if the time must certainly come, although the particular day be not mentioned in the note, it is regarded as negotiable, as the fact of payment is then certain. So a note payable on or before a certain day." Daniel on Neg. Inst., sec. 43; *Chouteau v. Allen,* 70 Mo. 290, *distinguished.* (HALL, J., dissents).

2. ———— INNOCENT PURCHASER FOR VALUE—FAILURE OF CONSIDERATION—CASE ADJUDGED.—Where the plaintiff, as in this case, read in evidence such a note and its transfer, a *prima-facie* case was

made out, and without more, judgment should have gone for the plaintiff without question. And where the announcement of defendant amounted in legal effect to saying that plaintiff is an innocent purchaser for value, as in this case, as a matter of law, the plaintiff was entitled to judgment. In such a case it was the duty of the court to direct a verdict for plaintiff.

APPEAL from Johnson Circuit Court, HON. CHARLES W. SLOAN, Judge.

*Affirmed.*

JUDGE HALL, being of opinion that the first paragraph of this opinion is in conflict with the holding of the Supreme Court in *Chouteau v. Allen,* the cause is certified to the Supreme Court.

The case and facts are stated in the opinion of the court.

J. P. ORR and SAMUEL P. SPARKS, for the appellant.

I. The court erred in taking the case from the jury; a demurrer to the evidence admits every reasonable inference which a jury might make from the facts adduced. *People v. Roe,* 1 Hill (N. Y.) 471; *Fowler v. Alexandria,* 11 Wheat. 320; *Dickey v. Schrader,* 3 Serg. & Rawl. 413, 416; *Williamson v. Fisher,* 50 Mo. 198; *Brown v. Kimmel,* 67 Mo. 430; *Keeley v. Railroad,* 70 Mo. 604; *Bank v. Smith,* 11 Wheat. 171; *Thornton v. Bank,* 3 Pet. 36; *Baum v. Fryrear,* 85 Mo. 151; *Moody v. Deutsch,* 85 Mo. 238; *Sage v. Reeves,* 17 Mo. App. 57. The granting of such an instruction is held to be erroneous when there is a scintilla of testimony. *Alexander v. Harrison,* 38 Mo. 266; *Routsong v. Railroad,* 45 Mo. 236; *Hays v. Bell,* 16 Mo. 496; *Emerson v. Sturgeon,* 18 Mo. 170; *Rippey v. Friede,* 26 Mo. 523; *Bowen v. Lazarle,* 44 Mo. 383; *McFarland v. Bellows,* 49 Mo. 311.

II. The option given the appellant to pay the note

on or before the date named rendered it non-negotiable. *Chouteau v. Allen*, 70 Mo. 290.

III. The plaintiff averred it was a purchaser for value before maturity of the paper. This the answer denied specially. *Incumbit qui dicet non qui negat* finds application. 1 Greenl. Evid. sec. 74; *State ex rel. v. Schar*, 50 Mo. 393.

IV. The answer charged, and the proof tended to establish, fraud in the inception of the paper, and a fraudulent combination respecting its transfer. This cast the burden on the plaintiff to show that it had acquired it before maturity, without notice of facts impeaching its validity. *Johnson v. McMurry*, 72 Mo. 278; *Carson v. Porter*, 82 Mo. 179; *Hamilton v. Marks*, 63 Mo. 167; 1 Dan. Neg. Inst., sec. 815.

V. The court erred in overruling the objections of defendant to the introduction of any evidence by plaintiff, under the pleadings. *Frost v. Beekman*, 1 Johns. Ch. (N. W.) 288; *Murray v. Ballou*, 1 Johns. Ch. 565; *Murry v. Finster*, 2 Johns. Ch. 155; *Jewel 'v. Palmer*, 7 Johns. Ch. 65; *Halsea v. Halsea*, 8 Mo. 303, 309.

VI. Actual knowledge on the part of the cashier of impeaching facts at the time of taking the paper, notwithstanding value may have been paid, was sufficient to charge plaintiff with notice. *Maitland v. Bank*, 40 Md. 542. The bank was chargeable not only with the knowledge of its cashier acquired in the transaction itself, but also that which he had acquired so shortly prior thereto as to give rise to the inference that it remained fixed in his mind at the time of taking the paper. *Chouteau v. Allen*, 70 Mo. 290, 340–1; Wade on Notice, sec. 687; *Hayward v. Ins. Co.*, 52 Mo. 181; 1 Daniel Neg. Inst., sec. 802, p. 655. The jury might reasonably have inferred, from the facts and circumstances detailed in evidence, the knowledge of the machine company of the failure of the warranty in every respect at the time of the endorsement to plaintiff; the fact that Phelps, the cashier of plaintiff, was during all these times a stockholder, one of the board of managing

directors, and .vice-president of the indorser, that he was conversant with the condition of the note at the time of taking same, and of the infirmity existing in it, notwithstanding his denial of such knowledge.   Daniel Neg. Inst., sec. 799, p. 654.

VII.   By the rejection of the offer of testimony by defendant, that there had been a complete failure of the warranty, the court thereby excluded all evidence tending to support the allegations of fraud and deceit in the inception of the paper practiced by the indorser in delivering a machine of a different manufacture than that contracted for.·  Had such testimony been admitted it would have shifted the burden to plaintiff of showing that it was an innocent purchaser, *bona fide*, for value, before maturity and without notice.   Authorities under par. III. ,

J. W. SUDDATH and O. L. HOUTS, for the respondent.

I.   The note is negotiable.   The case of *Chouteau v. Allen*, 70 Mo. 290, relied on by appellant, does not construe an instrument like the one in question.   *Mattison·v. Marks*, 31 Mich. 421; *Helmer v. Krolick*, 36 Mich. 371;  *Bates v. Laclair*, 49 Vt. 229 ; *Jordan v. Tate*, 19 Ohio St. 586 ;  *Curtis v. Horn*, 58 N. H. 504 ;. *Stillwell v. Craig*, 58 Mo. 24.

II.   Plaintiff as the holder is presumed by the law to have purchased the same for value, in the ordinary course of business, before maturity and in good faith, and the burden rested upon appellant to rebut these presumptions.   *Hamilton v. Marks*, 63 Mo. 167; *Johnson v. McMurry*, 72 Mo. 278; *Merrick v. Phillips*. 58 Mo. 436; *Greer v. Yosti*, 56 Mo. 307; *Corby v. Butler*, 56 Mo. 398 ; *Johnson v. Way*, 27 Ohio St. 374.

III.   The evidence introduced by appellant, instead of tending to rebut these presumptions, made them conclusive in this case, and thus. relieved respondent from the necessity of making further proof.   *Johnson v. McMurry*, 72 Mo. 278.

IV. The mere fact that the cashier of plaintiff, at the time plaintiff purchased the note, was an officer in both corporations, was not constructive notice to plaintiff of any equities existing against the note, especially when there is no evidence tending to show that he had any actual knowledge of such equities, but. positive evidence introduced by appellant to show that he had no actual knowledge. The doctrine of constructive notice does not apply. Actual notice of bad faith must be shown. *Hamilton v. Marks*, 63 Mo. 167; *Johnson v. McMurry*, 72 Mo. 282; *Highstown v. Christopher*, 40 N. J. L. 435; *Bank v. Lewis*, 39 Mass. 24; *Bank v. Cornen*, 37 N. Y. 320; *Bank v. Tinsley*, 11 Mo. App. 498; *Bank v. Schaumburg*, 38 Mo. 228-244; *State Savings Ass'n v. Nixon-Jones Printing Co.*, 25 Mo. App. 642.

V. The reply was sufficient. Rev. Stat., p. 604, sec. 3524.

VI. The presumption of law in favor of respondent as the holder of this note, supported by the evidence introduced by appellant, taken in connection with his announcement "that he had no other or further evidence tending to prove that plaintiff received or had any notice, at or prior to the time it purchased said note, of the existence of any warranty, or contract, or failure of consideration," made it the plain duty of the court to exclude further evidence and take the case from the jury. *Jackson v. Hardin*, 83 Mo. 175, 186; *Powell v. Railroad*, 76 Mo. 80, 84-85; *Landis v. Hamilton*, 77 Mo. 554.

PHILIPS, P. J.—This is an action on the following instrument of writing:

"$417.00.                    Holden, Mo., July 7, 1884.

"For value received, on or before the first day of September, 1885, the undersigned promise to pay to the order of Springfield Engine and Thresher Company, four hundred and seventeen dollars, payable at Farmers'

and Commercial Bank, Holden, Mo., with interest at eight per cent. from date until due, and ten per cent. after due.

"J. T. FANCHER,
"W. A. SKEEN."

The petition, after alleging that the payee was a corporation in the state of Ohio, averred that plaintiff, a banking corporation, was the owner and holder of said note for value, and that it acquired the same before maturity.

The answer admitted the allegations respecting the incorporation of the payee and the plaintiff. It then pleaded failure of consideration; that the consideration was a certain machine bought of the payee, with a warranty; that the warranty had been broken, and the consideration failed, and that plaintiff took the note before maturity, with notice, etc.

The reply was a general denial of the new matter set up in the answer.

At the trial, after the reading of the note in evidence by the plaintiff, with indorsements thereon showing transfer to plaintiff, the defendant introduced several depositions of the cashier of the plaintiff bank, and the secretary of the Springfield Engine and Thresher Company, which clearly established the fact that plaintiff had purchased said note before the maturity thereof, in the usual course of trade, and for value; and that the plaintiff had no notice at the time of the consideration, or the warranty relied upon by the defendant, or of any breach thereof. The court thereupon inquired of the counsel for defendant, what other or further evidence he had or desired to offer, tending to prove that plaintiff received or had any notice, at or prior to the time it purchased said note, of the existence of any warranty, or contract, or failure of consideration. To which the defendant's counsel answered, that he had none further than that contained in the depositions read in evidence. Thereupon the defendant proposed to read in evidence what purported to be a contract, with warranties, be-

tween the agent of the machine company, who made the sale of the machinery, and the defendant, and to make proof of the breach of the contract, the failure of the machine to come up to the requirements of the contract, and consequent failure of consideration. On objection of plaintiff the court excluded this evidence. The court then gave an instruction which, in effect, told the jury that on the evidence they should find for the plaintiff. The jury so found.

I. The defendant raises the question that the instrument of writing sued on is not a promissory note, or at least that it is not a negotiable instrument, so as to enable plaintiff to protect itself as an innocent holder. This claim is predicated of the fact that the note is made payable "on or before the first day of September, 1885;" and the proposition asserted is, that the privilege to the maker to pay at a day, not named, before the first day of September, makes the instrument so uncertain as to the time of payment as to destroy its negotiability. Reliance for this position is based upon the case of *Chouteau v. Allen*, 70 Mo. 339, in which Sherwood, J., said: "The bond contains this clause: 'But the company reserve the right to pay the same at any time to be named by them, by adding to the principal a sum equal to twenty per cent. thereof.' Any contingency, either as to the amount to be paid, or as to the time when payment is to occur, robs the paper of that certainty which is one of the chief essentials of negotiability. * * * In the present case, it is obvious that it depends upon the exercise of the reserved option of the maker, when the amount specified in the bond, plus twenty per cent. thereof, is to be paid, so that the time of payment depends, not upon the face of the paper, but upon the option of the maker. We, therefore, regard the bonds as non-negotiable in form." If the rule thus announced were applicable to the facts of the case at bar we should follow it, of course, both on account of the constitutional mandate laid upon us, as well because of the high regard we have for the court and the writer of that opinion.

But I think the two cases quite unlike. There the amount payable was not certain, as also the time when the twenty per cent. would become payable. It depended on the option of the maker. And while the language of the learned judge is quite broad as to the matter of time, it should be understood in reference to the special facts under consideration, and not be so extended in its application as to unsettle other recognized principles not designed perhaps to be touched. It certainly has not been the understanding of the commercial community, or of the bar, in this state, that such a note lost any of its quality as commercial paper by reason of its being payable on or before a day certain. And it seems to me that it ought not, as a matter of public policy, to be so held. The borrower, often, while not confident of his ability to pay soon, desires a late date fixed for payment, but as he may be able to pay earlier and stop the interest, it is to his benefit to have the option to pay earlier than the ultimate day. But if this privilege accorded by the lender or creditor to the borrower or debtor is to be held to affect the negotiability, and impair the commercial value of the paper, it will result in the refusal of the lender or creditor to concede so much to the borrower or debtor, and thus ensues oppression to the debtor class.

Daniel, in his admirable work on Negotiable Instruments (vol. 1, sec. 43), asserts, that: "In the United States, if the time must certainly come, although the particular day is not mentioned in the note, it is regarded as negotiable, as the fact of payment is then certain." This broad rule is then illustrated by a reference to many adjudications affirming it. He then says: "So a note payable on or before a certain day ; for as said in such case by Cooley, J., in *Mattison v. Marks*, 31 Mich. 421 : 'The legal rights of the holder are clear and certain ; the note is due at a time fixed, and it is not due before. True the maker may pay sooner if he shall choose, but this option of exercise would be a payment in advance of the legal liability to pay, and nothing more. Notes like this are common in commercial trans-

actions, and we are not aware that their negotiability is
ever questioned in business dealings. It ought not to be
questioned for the sake of any distinction that does not.
rest upon sound reason.'" This certainly is the decided
weight of authority. See, also, *Hosdell v. Cunning-
ham*, 22 Mo. 124; *Stillwell v. Craig*, 58 Mo. 24. Until
the Supreme Court shall have passed on such a case di-
rectly, we are unwilling to extend the case of *Chouteau
v. Allen* to such a note.

II. We discover no error in the action of the trial
court in ruling out the evidence offered by defendant
touching the failure of consideration of the note. The·
note being negotiable, if taken by the plaintiff before ma-
turity in the usual course of trade, for value, was not
subject to any defences or equities between the original
parties. It is quite manifest that the grounds of reversal
applied in the cases of *Johnson v. McMurray*, 72 Mo.
278, and *Carson v. Porter*, 22 Mo. App. 179, do not exist
here. Where the reason of the rule ceases the rule it-
self should cease. When the plaintiff read in evidence
the note and its transfer, it had made out a *prima-facie*
case. Without more, judgment should have gone for·
the plaintiff without question. The burden then devolved
on the defendant to show failure of consideration, and
fraud, as charged in the answer. Had the defendant
done this, then the burden would have shifted to the·
plaintiff to prove that he was an innocent purchaser for·
value. In such state of the proofs the court could not
have taken the case from the jury. But, instead of this
course, after the plaintiff's *prima-facie* case was made·
out, the defendant himself introduced, first, evidence·
which showed that plaintiff was an innocent purchaser,
for value, before the maturity of the note. As such the
note in its possession was not subject to the defence
sought to be interposed by the further evidence offered
by defendant.

The announcement made by defendant to the court,
amounted, in legal effect, to saying the plaintiff is an in-
nocent purchaser for value; and as a matter of law the·

plaintiff was entitled to judgment. In such case it was the duty of the court to direct a verdict for the plaintiff. *Jackson v. Hardin*, 83 Mo. 175.

The judgment of the circuit court is affirmed. Ellison, J., concurs. Hall, J., being of opinion that the first paragraph of this opinion is in conflict with the holding of the Supreme Court in *Chouteau v. Allen*, *supra*, the cause is certified to the Supreme Court, the judgment of affirmance herein to be stayed to abide the decision of the Supreme Court.

HALL, J., DISSENTING.—I dissent from the first paragraph of the foregoing opinion. The prevailing rule in this country is as therein stated, but that rule is not recognized in all of the states of this country. As said by Mr. Daniel, in his work on Negotiable Instruments (sec. 45*a*): "In Massachusetts, it is considered essential to the negotiability of the note that it be payable at a definite time, or a time that can be made definite at the election of the holder. And accordingly that an instrument given with a mortgage, promising to pay a certain sum in a year or a half from date, or sooner, at the option of the mortgageor, with interest at a certain rate during the term of the mortgage, was not a negotiable note." *Stutts v. Silva*, 119 Mass. 137. The Massachusetts view of this subject has been approved by our Supreme Court in *Chouteau v. Allen*, 70 Mo. 339. In that case it is said: "Any contingency, either as to the amount to be paid, or as to the time when payment is to occur, robs the paper of that certainty which is one of the chief essentials of negotiability." The instruments in that case were certain bonds which contained this clause, "but the company reserve the right to pay the same at any time to be named by them, by adding to the principal a sum equal to twenty per cent. thereof." In speaking of that case, in connection with the views held in Massachusetts, Mr. Daniel states that it approves the said view, although the decision was clearly right for another reason, *i. e.*, that

the amount payable was not certain. In my opinion Mr. Daniel correctly states the meaning and effect of the decision of our Supreme Court in that case. The court, in that case, said further: "In the present instance, it is obvious that it depends upon the exercise of the reserved option of the maker when the amount specified in the bond, plus twenty per cent. thereof, is to be paid, so that the time of payment depends, not upon the face of the paper, but upon the option of the maker. We, therefore, regard the bonds as non-negotiable in form."

By the amendment to the constitution creating this court it is made our duty to follow the last decision of our Supreme Court on any question of law. Therefore, without expressing my view as to what ought to be the rule on this subject, I think that this court should hold that the note in suit is non-negotiable ; and that the judgment of the circuit court should be reversed because that court tried the case on the theory that the note was negotiable.

I give no opinion as to the views expressed in the second paragraph of the foregoing opinion.