Maze v. Baird.

EUGENE L. MAZE, Respondent, v. RUFUS BAIRD, Admr., etc., Appellant.

St. Louis Court of Appeals, April 23, 1901.*

1. **Promissory Note.** The following instrument is held to be a promissory note.
   "$1,500.                          Upperlake, July 15, 1897.
   "I, the undersigned, promise to pay to Labom Eugene Maze the sum of fifteen hundred dollars, after my death, out of my estate, he known to be my youngest brother, interest from date till paid five per cent per annum, for value received, July fifteenth day, 1897.
                          "Lake County, California,
                                    "PLEASANT MAZE,
                          "From Missouri, Madison County."

2. ———: ———: PROMISSORY NOTE, REQUISITES OF. And in the case at bar, the promise to pay, in the instrument sued on, is unconditional; the amount is certain and the time of payment made certain, to-wit, on the death of the promisor, an event that would surely come.

3. ———: ———. And the provision that the note should be paid out of the estate of the promisor, stated only what would necessarily be the case at the maturity of the note, and in nowise limits or restricts the unconditional promise to pay.

4. **Practice, Trial:** PRACTICE, APPELLATE: LIMITATION OF ACTIONS. Where the question of limitation was not raised in any manner on the trial, it can not be raised in the appellate court.

---

*This case was received too late to be placed in chronological order.

Maze v. Baird.

Appeal from Madison Circuit Court.—*Hon. James D. Fox,*
Judge.

AFFIRMED.

*Robert A. Anthony* for appellant.

(1)   The evidence of plaintiff, Eugene Labom Maze,
shows there was no consideration for the instrument sued on,
and this being the case it was a *nudum pactum* and can not
be enforced against the estate of Pleasant.Maze.   Lamp Co.
v. Mfg. Co., 64 Mo. App. 115; Brooks v. Owen, 112 Mo.
252.   (2)   A note should carry personal credit given to the
maker and not be confined to credit upon any future contin-
gency, event or fund.   The liability of the maker should not
be conditioned upon there being a particular fund or that he
will leave an estate.   3 Kent's Commentaries (11 Ed.), side
page 76, top page 92, and note d; Tiedeman on Commercial
Paper (1889), sec. 26, p. 62.   (3)   The instrument sued on
is an attempt to make a will, or testamentary disposition of
property, and as such is void.   R. S. 1899, sec. 4604.   (4)
The instrument sued on is not a promissory note under the defi-
nitions given of that instrument.   It is too indefinite and
uncertain as to time of payment.   Tiedeman on Commercial
Paper (1889), sec. 6, page 19, sec. 25, p. 55; Carnwright
v. Gray, 127 N. Y. 92.   (5)   An accounting and settle-
ment is not always conclusive upon a defendant.   If he has
given a note for more than is due by the settlement he may
defeat the note to that extent.   Briscoe v. Kinealy, 8 Mo.
App. 76; Long v. Towl, 42 Mo. 545.   (6)   This court will
reverse a judgment where verdict is manifestly against the
evidence and instructions; where it is clear from the evidence
that the jury made a mistake; where there may be substantial

evidence to support a verdict, yet where the surrounding circumstances demonstrate that such testimony is not true; where the admissions of the successful party are inconsistent with the verdict. Drake v. Crites, 83 Mo. App. 650; Ackley v. Staehlin, 56 Mo. 558; Doering v. Saum, 56 Mo. 479; O'Hara v. Iron & Foundry Co., 66 Mo. App. 53; Holt v. Morton, 53 Mo. App. 187.

*Thomas Holladay* and *E. D. Anthony* for respondent.

(1) The note sued on imports a consideration, and a consideration sufficient to support the note for the full amount was proven by the testimony of Labom Maze and witness Burks. R. S. 1899, secs. 457, 894; Wulze v. Schaffer, 37 Mo. App. 551; Brown v. Croy, 74 Mo. App. 462-466; Henson v. Stever, 69 Mo. App. 136; Tiedeman on Commercial Paper (1889), sec. 200; School District v. Sheidley, 138 Mo. 672-684. (2) A note payable out of a particular fund is legal and may be enforced and is not an attempt to make a will. James v. Robinson, 1 Mo. 595; Allen v. Davis, 11 Mo. 479; Ubsdell v. Cunningham, 22 Mo. 124. (3) The instrument sued on is a promissory note and not an attempt to make a will.

BLAND, P. J.—This cause was appealed from the probate court of Madison county. On a trial *de novo,* plaintiff recovered a verdict for $1,739.99. The defendant duly appealed.

The instrument presented in the probate court for allowance against the estate of Pleasant Maze, deceased, and on which judgment was recovered, reads as follows:

"$1,500.                    Upperlake, July 15, 1897.

"I, the undersigned, promise to pay to Labom Eugene Maze the sum of fifteen hundred dollars, after my death, out

of my estate, he known to be my youngest brother, interest from date till paid, five per cent per annum, for value received, July fifteenth day, 1897.

"Lake County, California.

"PLEASANT MAZE.

"From Missouri, Madison County."

The plaintiff and deceased were brothers. Plaintiff resided in the State of California; deceased, prior to and at the time of his death, resided in Madison county, Missouri.

The evidence tends to prove that in 1876, deceased in company with his wife, visited his brother in California, and remained about three months; that while there, the plaintiff, at his own expense, conveyed his brother and wife to some medical springs and kept them there for several weeks, and afterwards travelled with his brother to different neighborhoods and towns, and that it was agreed between them that the expense the plaintiff was put to on account of these services to his brother was four hundred dollars. In 1897, deceased made a second trip to California. On this visit the expense incurred by appellant, for conveying his brother from place to place, was agreed between them to be two hundred dollars. In 1897, deceased made a third visit, it seems, with a view of making some investments; that on this trip appellant was out from forty to fifty dollars on account of his brother; that on one occasion an application was made to deceased by Rufus Maze, his nephew, residing in California, for a loan of fifteen hundred dollars. The deceased requested the plaintiff to look up the financial standing of Rufus and the title to some lands he claimed; that plaintiff investigated the title to the land and the financial standing of Rufus, and advised against the loan; that the deceased acted on this advice and refused to make the loan. This evidence was from the plaintiff, who was introduced as a witness by the defendant. There are some contradictions in

his testimony and some inconsistencies in statements made by him, when on the witness stand, and in his testimony as given on the trial and that given by him in the probate court. It was admitted that Pleasant Maze signed the instrument sued on, and in rebuttal, plaintiff proved by T. M. Burk that he (Burk) saw and read the note, heard Pleasant Maze say he was owing his brother; that he was called to witness the note; that Pleasant Maze wrote the note and handed it to plaintiff and said: "I owe my brother some money and I haven't got it with me. I give him this for security."

The defendant asked and the court refused the following instruction:

"No. 5. The jury are instructed that the instrument sued on is not a promissory note, but is an attempt to create an executory devise, and as such is void, because not executed as the law provides. . You are further instructed that plaintiff can not recover in this action unless he has shown that he rendered some service to Pleasant Maze for which he was entitled to recover within five years prior to April 16, 1900, the day on which the plaintiff presented his claim to the probate court."

I. The contention of appellant is that the instrument sued on is not a promissory note, but an attempt to make a will or testamentary disposition of property, and as such is void under section 4604, Revised Statutes 1899. In Bent v. Brainard, 1 Mo. side page 285, the following instrument, to-wit: "I am indebted to John McKrea for work done for me in building for me a sawmill, five hundred and six dollars and thirty-nine cents, which sum on his order I promise to pay Oliver Brainard with interest," was held to be a conditional promissory note. In Ubsdell and Pierson v. Cunningham, 22 Mo. 124, the following instruments were held to be promissory notes. "Due Messrs. Ubsdell & Pierson, one hundred

dollars, to be paid to them as soon as collected at Pokeepsie, now in the hands of Horace B. Potter of that place." "$34.63. Due Messrs. Ubsdell & Pierson thirty-four dollars and sixty-three cents, for goods purchased of them while at Pokeepsie, to be paid as soon as collected from my accounts at Pokeepsie," for the reason they contained direct acknowledgments of indebtedness, and it was held that the words, "to be paid," etc., following the acknowledgments of indebtedness, were not intended to show that the debts were conditional.   The promise to pay, in the instrument sued on, is unconditional; the amount is certain and the time of payment made certain, to-wit, on the death of the promisor, an event that would surely come.   That is certain which will come to pass inevitably, though not ascertainable until it does happen.   Skinner v. Skinner, 77 Mo. 148; Nat'l Bank v. Skeen, 29 Mo. App. 115; s. c. 101 Mo. 683.   The provision that the note should be paid out of the estate of the promisor, stated only what would necessarily be the case at the maturity of the note, and in nowise limits or restricts the unconditional promise to pay.   And, we hold that the instrument is a promissory note, and rule appellant's first assignment of error against him.

II.   The question of limitation was not raised in any manner on trial and it can not be raised here for the first time.

III.   The sufficiency of the evidence to support the verdict is not an open question here, since the note itself imported a consideration, and the evidence offered to impeach its consideration was of an uncertain character, and did not in any view that may be taken of it, prove or tend to prove that the note was given without any consideration.   The jury were properly instructed as to a total or partial failure of consideration.   They found that there was no want of consideration and

the learned trial judge accepted and approved their finding. In such circumstances, when there is any substantial evidence in support of the verdict and nothing to indicate that the jury was actuated by passion or prejudice, an appellate court is not warranted to disturb the verdict. We find nothing of this kind in the record before us; the case was fairly tried; appellant had the advantage of very favorable instruction on his theory of the case, and we find no ruling in the record prejudicial to his rights, and affirm the judgment. All concur.