# J. H. HAHN, Appellant, v. W. L. BRADLEY, Respondent.

92 399
95 ¹471

### St. Louis Court of Appeals, February 18, 1902.

1. **Promissory Notes: FRAUD: CONSIDERATION: QUESTION FOR JURY.** In the case at bar, the note sued on was given for the premium on an insurance policy which defendant purchased from the Chillicothe Town Mutual Insurance Company at the solicitation of the agent of said insurance company. Shortly afterwards, though just when is not shown, the insurance company made an assignment, and plaintiff, having suffered a loss by fire on the property insured, which he was unable to collect, refused to pay his note on two grounds: first, that he was induced to take the policy by fraudulent representations, and second, that the consideration of the note had failed. *Held*, that it was for the jury to determine when plaintiff bought the note, and whether the consideration had failed or was intact at that time, and whether he knew all the facts; because the whole matter rested in parol and there were circumstances in evidence on which a dispute might legitimately be raised as to the date of the purchase and whether it was before or after the company assigned.

2. ————: ————: ————: **BURDEN OF PROOF: EVIDENCE.** If a maker of a promissory note introduces evidence tending to prove the note was procured by fraud, the burden then devolves on the plaintiff to show that he is a bona fide holder for value.

3. ————: ————: ————: ————. But, on the other hand, a simple showing by the maker that a consideration for the note was lacking when it was executed, or that the one relied on has failed, does not shift the burden of proof to the indorsee, but he is still presumed to have acquired it as a bona fide holder for value until the contrary is shown.

4. ————: ————: ————: ————. In the case at bar, the following instruction properly declared the law: "Although you may believe that there was a failure of consideration in the note in question, you must still find for the plaintiff, if you believe he bought such note and R. M. Henry assigned it to him for value before plaintiff had knowledge of such failure of consideration; and it devolves upon the defendant to establish the failure of consideration and knowledge thereof on the part of plaintiff before, or at the time of such purchase by the greater weight of the evidence."

Hahn v. Bradley.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,*
Judge.

AFFIRMED.

*James Orchard* and *W. R. Shuck* for appellant.

(1) The mere possession of a negotiable note imports
that the holder acquired it bona fide. Harton v. Bayne, 52
Mo. 531; Carly v. Butter, 55 Mo. 398; Cloud v. International
Bank and News Co., 23 Mo. App. 319; Bank v. Stanley, 46
Mo. App. 440. If a party shows that he acquired the note
in good faith, actual notice of facts impeaching its validity
must be brought home to him to affect his rights. Bank v.
Pipkin, 66 Mo. App. 592. And it is immaterial, though his
negligence be gross. Hamilton v. Marks, 63 Mo. 167; Bank
v. Pipkin, 66 Mo. App. 592. (2) The rule that a purchaser
of negotiable paper is not an innocent holder, if there are
circumstances connected with the transfer sufficient to put an
ordinary prudent man on inquiry, is uncertain and devoid of
uniformity, and will not be adhered to in this State. Hamil-
ton v. Marks, 63 Mo. 167. (3) Ordinarily, one will be
charged with a fact who possesses information which puts
him on inquiry, and which, if followed up with diligence and
understanding, will lead to the ascertainment of the truth.
Jennings v. Todd, 118 Mo. 296. The foregoing rule, how-
ever, does not apply to negotiable commercial paper in the
hands of bona fide purchaser for value, before maturity.
Since actual notice of the facts impeaching its validity must be
brought home to him to avoid it in his hands. Ibid.

*A. H. Livingston* and *L. B. Shuck* for respondent.

(1) Representations of Henry made to respondent for
the purpose of inducing defendant to insure, were competent.
Johnson v. McMurry, 72 Mo. 278; Bank v. Crandall, 87 Mo.

208; Campbell v. Hoff, 129 Mo. 317.   Instruction designated
by appellant as No. 1, for respondent, declares the law.
Campbell v. Hoff, 129 Mo. 317; Hamilton v. Marks, 63 Mo.
167; Johnson v. McMurry, 72 Mo. 278.   The action of
Henry in securing notes payable directly to himself for several
days up to the eve of the failure, and leaving, were circum-
stances strongly tending to show Henry had knowledge of the
condition of the company.   Instruction No. 2 for defendant
is correct.   Johnson v. McMurry, 72 Mo. 278.   Although
notice or knowledge, on part of holder, of defeating circum-
stances may not be proved, the facts of the case, the relation
between the parties and their method of dealing, may be such
as to show that there was either knowledge or an intentional
and careful avoidance of knowledge, and must have the same
effect in law as knowledge.   1 Par. N. & B., p. 259.   The
evidence of Youngblood and Randall is competent.   No testi-
mony of Birlew in this record, or admitted at the trial.   On a
question of fraud of this nature, the evidence must necessarily
take a pretty wide range, and may embrace all those facts and
circumstances which go to make up the transaction, disclose
its true character, explain the acts of the parties, and throw
light on their objects and intentions.

GOODE, J.—Bradley, the respondent, made a negotia-
ble promissory note for twenty-two dollars and fifty cents to
R. M. Henry on the fifth day of April, 1900, and Henry in-
dorsed it before maturity to appellant Hahn.

The note was given for the premium on an insurance
policy which Bradley purchased from the Chillicothe Town
Mutual Insurance Company at the solicitation of Henry.
Shortly afterwards, though just when is not shown, the in-
surance company made an assignment, and Bradley, having
suffered a loss by fire on the property insured, which he was
unable to collect, refused to pay his note on two grounds:

first, that he was induced to take the policy by fraudulent representations, and second, that the consideration of the note had failed.

The amount at stake in this contest is small, but the legal principles involved require delicate handling because they affect the peculiar attributes which give currency to negotiable instruments.

It is difficult to find in the evidence satisfactory proof that any representation was made to Bradley to induce him to take the policy, which would amount to such fraud as would exonerate him from liability, even if the note was in the hands of the original payee; but we have concluded that the circumstances tending to show fraudulent conduct and representations on the part of Henry in that transaction were sufficient to go to the triers of the facts, and therefore sufficient to require proof by Hahn that he acquired the premium note for value, in good faith, before maturity; so that the questions of fraud and his knowledge of it fell to the jury as issues of fact to be found by them under proper instructions from the court as to the law.

So, too, as to the defense of lack of consideration for the note when it was executed or a failure of the consideration shortly afterwards. There was certainly evidence to be submitted to the jury on the issue that the policy was worthless when written, and that Henry knew of the condition of the company when he dealt with Bradley; because it was then insolvent and on the eve of making an assignment. Henry's knowledge or ignorance we consider rather unimportant in any event; because he was merely acting as the agent of the insurance company and took the note in that capacity. Knowledge on the part of the company was enough to vitiate the note in the hands of the original payee, and certainly it must have known of its own affairs.

The error assigned in respect to the defense of want or failure of consideration is, that there was no evidence tending

to establish knowledge by Hahn when he purchased the note, of facts which would show a consideration was lacking, and, hence, that the question of whether he had such knowledge at that time should not have been submitted at all.

We think the entire cause was one for the jury, and that the only difference between the two defenses was in regard to the burden of proof. The record would not have justified the court in instructing peremptorily that there was no evidence tending to prove Hahn had notice of a lack of consideration for the note when he bought it; for the two defenses are so blended that it is difficult, if not impossible, to separate them; and a reference of the issue of fraud in procuring the note and Hahn's knowledge of the fraud when he bought, almost necessarily carried with it the question of his knowledge of want of consideration. One main foundation for the charge of fraud is that Henry represented to Bradley that the company was good and solvent, thereby inducing Bradley to take the insurance when he (Henry) knew that it was insolvent and about to assign; and of course knowledge by Hahn of this fraudulent representation made by Henry would involve also a knowledge on his part that there was no consideration for the note.

It is conceivable there may have been no false representation made to Bradley by Henry, or that Hahn may have been ignorant of the fact, if such a representation was made to him, and still have known, when he bought the note, that the company was totally insolvent so that the consideration had failed. If that were true, then, possibly, the defense of lack of consideration might be wholly independent of the defense of fraud. But in any view, it was for the jury to determine when Hahn bought the note and whether the consideration had failed or was intact at that time and whether he knew all the facts; because the whole matter rested in parol and there were circumstances in evidence on which a dispute might legitimately be raised as to the date of the pur-

chase and whether it was before or after the company assigned.    Seehorn v. Bank, 148 Mo. 256.

What is to be considered then, is the propriety of the court's instructions.

The law draws a distinction in regard to the burden of proof shifting in actions on negotiable instruments, between instances in which there is evidence of a want of consideration for them merely, and those in which there is proof that their execution was induced by fraud or some illegal conduct. We speak, of course, in reference to actions on such instruments by indorsees who claim to have acquired them for value before maturity.

If a maker introduces evidence tending to prove the note was procured by fraud, the burden then devolves on the plaintiff to show he is a bona fide holder for value. On the other hand, a simple showing by the maker that a consideration for the note was lacking when it was executed, or that the one relied on has failed, does not shift the burden of proof to the indorsee, but he is still presumed to have acquired it as a bona fide holder for value until the contrary is shown. Hamilton v. Marks, 63 Mo. 167; Daniel on Negotiable Instruments (4 Ed.), secs. 814-815.

These two rules in regard to the burden of proof and which party must establish its contention by a preponderance of the evidence, ought always to be carefully followed in instructing a jury, and were followed in this case.

One instruction given by the court is as follows:

"Although you may believe there was a failure of consideration for the note in question, you must still find for plaintiff if you believe he bought such note and R. M. Henry assigned it to him for value, before plaintiff had knowledge of such failure of consideration; and it devolves upon the defendant to establish the failure of consideration and knowledge thereof on part of plaintiff, before or at the time of such purchase, by the greater weight of the evidence."

It will be observed that the learned trial court therein charged the jury that the defendant must establish the failure of consideration and plaintiff's knowledge of it by the greater weight of evidence, and this was an accurate charge.

The third instruction requested by the appellant was properly refused because it ignored the distinction we have noted concerning the burden of proof and asked the court to charge that it devolved on the defendant to prove by the greater weight of evidence that the note was procured by fraud and that plaintiff Hahn had knowledge thereof when he bought it. The burden was on the defendant to show by a preponderance of the evidence that there was fraud in the inception of the note; but as he had made a prima facie showing to that effect, it then became the plaintiff's duty to show he had purchased for value prior to its maturity and without notice of the fraud in which it originated.

So the fourth instruction asked by the appellant was erroneous, because it invited a direction to the jury that the defendant could not be exonerated unless he had proven plaintiff had knowledge of the fraud at the time he bought the note, even though they found it was procured through fraud. Such an instruction would violate the law by imposing on the defendant, after he had shown the execution of the instrument was corruptly induced, the task of proving bad faith on plaintiff's part, whereas it was then incumbent on the latter to prove he purchased innocently.

The court correctly charged that neither fraud nor want of consideration would affect the plaintiff's right to recover, unless the jury found he purchased with knowledge of it.

The admission of certain testimony tending to prove that plaintiff had introduced Henry to a witness by the name of Lowry and had said at the time of the introduction that he knew Henry and that he was all right and he thought his company was all right, is assigned for error. Lowry was permitted to testify to this statement of Hahn's without objection,

and an objection was only interposed when he was asked if he told Bradley of it. We hardly think it ought to constitute reversible error that Lowry was permitted to state that he repeated Hahn's language to Bradley after plaintiff had allowed the statement itself to be given in evidence without objection. Moreover, the only objection made to the testimony was the general one that it was incompetent and inadmissible, and an objection of that kind has been repeatedly ruled to be insufficient to sustain an assignment of error. Lumber Co. v. Rogers, 145 Mo. 445; Adair v. Mette, 156 Mo. 496. This exception is, therefore, overruled.

While the evidence in this case, tending to defeat the plaintiff's recovery, strikes us as far from conclusive, inasmuch as there was sufficient to be referred to the jury and as the case was tried without error, the judgment must be affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.