# FIRST STATE BANK OF CORWITH, IOWA, Appellant, v. HAMMOND, Respondent.

**St. Louis Court of Appeals, February 16, 1904.**

1. **EVIDENCE: Peremptory Instruction.** The evidence in the case is examined and it is held that a peremptory instruction to find for plaintiff was properly refused.

2. ——:**Defense of Fraud: Burden of Proof Shifted.** In an action on promissory notes by the indorsee, where the answer alleged that they were procured by fraudulent representations and without consideration, after defendant proved the fraud, the burden was then shifted to plaintiff to show by a preponderance of the evidence that it was a bona fide holder for value.

3. ——: ——: **Notice of Fraud.** Notice to the indorsee of a negotiable instrument purchased before maturity, of fraud in its procurement, which would defeat his action against the maker, must be actual knowledge of the fraud; mere knowledge of facts which would put a prudent man upon inquiry is not sufficient.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*James Orchard* and *C. R. Wood* for appellant.

(1) The question is: Was plaintiff an innocent purchaser for value before maturity, without notice of any fraud in the inception of the contract, and if so, then it is entitled to recover. First National Bank of Springfield v. Skeen, 101 Mo. 683; Jennings v. Todd, 118 Mo. 296. (2) The consideration of negotiable paper in the hands of a bona fide holder for value before maturity can not be inquired into; *mala fides* alone can open the door to such inquiry. Gross negligence is not sufficient, but actual notice of the facts which impeach

the validity of the note must be brought home to the holder. Mayes v. Robinson, 93 Mo. 114. There is no evidence to support the verdict in this case and the court should have given instruction numbered one, offered by plaintiff, by way of peremptory instruction, directing the jury to return a verdict for the plaintiff. (3) The court erred in giving instructions numbered 1, 2, and 3. Said instructions put the burden on plaintiff to prove it was a bona fide and innocent purchaser, when in fact it devolved on defendant to show that notice of the fraud and want of consideration, and especially of the want of consideration, and is a violation of all the rules laid down by the appellate courts of this State and should not have been given, for if plaintiff is an innocent purchaser before maturity, there can be no inquiry into the consideration as between the original parties. Merrick v. Phillips, 58 Mo. 436. (4) If a party shows that he acquired negotiable paper in good faith, actual notice of facts impeaching its validity must be brought home to him to affect his rights. Central National Bank v. Pipkin, 66 Mo. App. 592. And it is immaterial though the purchaser's negligence be gross. Hamilton v. Marks, 63 Mo. 167. (5) The rule that a purchaser of negotiable paper is not an innocent holder if there are circumstances connected with the transfer sufficient to put an ordinary, prudent man on inquiry, is uncertain, void of uniformity and will not be adhered to in this State. (6) The consideration of a negotiable note can not be inquired into when the same is held by an innocent purchaser until it is shown that the holder is not an innocent purchaser and had actual knowledge of the failure of consideration. Horton v. Bayne, 52 Mo. 531. (7) An indorsee of negotiable paper before maturity is presumed to be the owner in good faith and for value in the absence of evidence to the contrary. Corbey v. Butler, 55 Mo. 398.

*Green & Clark* for respondent.

(1) The refusal by the court to give appellant's peremptory instruction was not error. Bank v. Hainline, 67 Mo. App. 483; Brewer v. Lindsay, 72 Mo. App. 591; Mosby et al. v. Commission Co., 91 Mo. App. 500; Rice v. McFarland, 41 Mo. App. 489; Ganz v. Weisenberger, 66 Mo. App. 110; McAfee v. Ryan, 11 Mo. 365; · Memphis v. Matthews, 28 Mo. 248; Morgan v. Durfee, 69 Mo. 476; Powell v. Railroad, 76 Mo. 80. (2) Where there is any evidence, however slight it may be, and whether direct or inferential, it may go to the jury, who are the exclusive judges of its weight and sufficiency, and in such case instructions in the nature of a demurrer to the evidence are properly refused. Dunbar v. Fifield, 85 Mo. App. 484; Taylor v. Short, 38 Mo. App. 21; Grant v. Railroad, 25 Mo. App. 227; Matthews v. Railroad, 26 Mo. App. 75; Charles v. Patch, 87 Mo. 450; Twohy v. Fruin, 96 Mo. 104; Bank v. Bank, 151 Mo. 320. (3) It was not necessary for respondent to bring home to appellant knowledge of specific facts that would impeach the validity of the notes in question. Evidence that the holder was aware of facts from which an inference of knowledge of a valid defense to the notes arises has been deemed sufficient for that purpose. Whaley v. Neill, 44 Mo. App. 320; Studebaker Mfg. Co. v. Dickson, 70 Mo. 272; Wright Investment Co. v. Tillingham, 85 Mo. App. 534. (4) Instructions numbered 1, 2, and 3, given on part of respondent, correctly declared the law. When the maker of a note introduces evidence tending to show that the note was procured by fraud, the burden then devolves upon the holder to show that he is a bona fide holder for value without notice. Hahn v. Bradley, 92 Mo. App. 399; Hamlin v. Marks, 63 Mo. 167; Daniel Neg. Inst. (4 Ed.), secs. 814, 815.

BLAND, P. J.—On January 21, 1901, defendant executed and delivered to the Corwith Nursery Company, of Corwith, Iowa, his two negotiable promissory notes for five hundred dollars each, payable one year after date. Plaintiff claimed to have purchased these notes of the Corwith Nursery Company, February 1, 1901. As the legal holder of the notes, plaintiff brought this suit thereon against the defendant in the Howell circuit court.

The answer of the defendant alleged that the notes were procured by false and fraudulent representations and that the consideration for them had wholly failed.

After proving the indorsement and transfer of the notes to it on February 1, 1901, plaintiff offered them with the indorsements in evidence. Defendant offered evidence tending to prove that the notes were obtained by false and fraudulent representations made to him by Uecke, secretary and manager of the Corwith Nursery Company, and that the consideration for which the notes were given had wholly failed. Defendant testified that about February 27, 1901, he wrote to plaintiff asking for information as to the standing of the nursery company; that he thereafter received the following reply written at the bottom of his letter: "We do not have their account and can not say how they are. Respt., J. H. Standring, Chr. 3-1-1901." J. H. Standring testified that he was cashier of the plaintiff bank; that he as such cashier bought the notes of the nursery company about February 1, 1901, paying one thousand dollars in cash for them; that the purchase was made in good faith without knowledge of any fraud or failure of consideration of the notes, that the nursery company had ceased to do business. It appears from the testimony that the defendant, at the time he gave the notes and thereafter, was a resident of Howell county.

Plaintiff moved for a peremptory instruction to the jury to find for it which the court refused.

The court gave the following instructions for the plaintiff:

"2.  The court instructs the jury that the plaintiff sues on two promissory notes for five hundred dollars each, executed by the defendant to the Corwith Nursery Company, on the twenty-first day of January, 1901, each payable one year after date, bearing interest from date at the rate of eight per cent per annum; that the plaintiff, the First State Bank of Corwith, Iowa, claims to have bought said notes for value, before maturity, in good faith, without knowledge of any fraud or false representation made by the nursery company to the defendant; that defendant admits the execution of said notes, but claims that said notes were executed by false and fraudulent representations, and that he was induced to sign the same by said false and fraudulent representations by the Corwith Nursery Co. and he claims that plaintiff had full knowledge of said false and fraudulent representations and that the plaintiff, the First State Bank of Corwith, Iowa, denies said charges and says it was a purchaser for value, before maturity, in good faith, without knowledge of any fraud.  The jury is, therefore, instructed that if you find from the evidence that the plaintiff purchased said notes before maturity, in good faith and for a valuable consideration, without any knowledge of the false and fraudulent representations on the part of the Corwith Nursery Company, then you will find the issues for the plaintiff on each count of said petition and for the sum of five hundred dollars with interest at eight per cent from the date of said notes to the present time.

"3.  The court instructs the jury that, although you may believe that the Corwith Nursery Company obtained the notes in question by false and fraudulent representations, still you should find for the plaintiff if you believe it bought such notes before maturity, for a valuable consideration and in good faith, without any

knowledge of such fraud on the part of the Corwith Nursery Company.

"4. Although you may believe there was a failure of consideration of the notes in question, you must still find for the plaintiff if you believe it bought such notes and the Corwith Nursery Company assigned them to it for value before plaintiff had knowledge of such failure of consideration; and it devolved upon the defendant to establish the failure of consideration and knowledge thereof on the part of the plaintiff before or at the time of such purchase by the greater weight of evidence."

The following instructions were given for defendant:

"1. The court instructs the jury that if you should find from the evidence that the notes sued on were without consideration and that they were obtained by fraud and misrepresentations as alleged by defendant, then and in such event, before the plaintiff would be entitled to recover, it must show by the greater weight of the evidence: 1. That it is the bona fide owner of such notes. 2. That it purchased said notes for value before maturity. 3. That it had no knowledge of said fraud and want of consideration.

"2. The court instructs the jury that in determining as to whether or not plaintiff is the bona fide owner of the notes sued on, and that it purchased said notes for value before maturity of same, you should take into consideration all the facts and circumstances attending the claimed purchase of said notes by the plaintiff.

"3. Although you may believe plaintiff did not have actual notice that the notes sued on were without consideration or obtained by fraud and misrepresentations, if they are without consideration, or obtained by fraud or false representations, yet the court instructs that plaintiff would be charged with notice if it knew of such facts as would lead an ordinary, prudent man to

suspect that such notes were without consideration or obtained by fraud or misrepresentation."

The verdict was for the defendant. After a timely but unavailing motion for new trial plaintiff appealed.

1. Appellant insists that its peremptory instruction should have been given. There is no direct evidence that plaintiff had knowledge of the infirmities of the note. The evidence of the cashier is that it did not have, but that the bank bought the notes in good faith and without any knowledge that they had been obtained by fraud or that the consideration had failed. The jury, however, may not have believed the witnesses. It is not shown that the bank had any knowledge or information of the financial ability of the defendant to pay the notes, or that its officers made any inquiry as to his financial standing before they made the purchase. It is also shown in evidence that though the bank and the nursery company were located in the same town and the bank dealt with the nursery company and must have had knowledge of its financial standing, on March 1, 1901, its witness wrote the plaintiff it could not say how the nursery company stood. The evidence further tends to show that when the nursery company took the notes, it was in a bad shape and it thereafter went out of business, presumably for the reason it was financially unable to continue in business. Banks are not in the habit of buying commercial paper and paying value therefor or anything of value at all, in such circumstances, and the jury might very justly infer that the bank did not pay value for the notes. For these reasons we conclude that the peremptory instruction to find for the plaintiff was properly refused.

2. The first instruction given for defendant is correct on the showing made by the defendant that the notes were procured by fraud; on this showing the burden was shifted to the plaintiff to show by the preponderance of the evidence that it was a bona fide holder of the notes for value. Hahn v. Bradley, 92 Mo. App. 399.

The third instruction given for defendant is erroneous. Knowledge of facts which would put a prudent man on inquiry is not sufficient to affect the title of an indorsee of a negotiable instrument purchased before maturity. Nothing short of actual knowledge or bad faith will defeat his title. Hamilton v. Marks, 62 Mo. 167; Mayes v. Robinson, 93 Mo. 114; Jennings v. Todd, 118 Mo. 296; Bank v. Skeen, 29 Mo. App. 115; Id., 101 Mo. 683. For error in giving the third instruction for defendant the judgment is reversed and the cause remanded. *Reyburn* and *Goode, JJ.*, concur.