## FIRST STATE BANK OF CORWITH, IOWA, Appellant, v. HAMMOND, Respondent.

St. Louis Court of Appeals, April 2, 1907.

1. **BILLS AND NOTES: Fraud: Burden of Proof.**  In an action by the indorsee of a promissory note where the defendant in defense showed that the note was obtained by fraud, the burden was then upon the indorsee to prove that he obtained the note in the regular course of business in good faith before maturity for a valuable consideration.

2. ————: **Practice: Uncontradicted Oral Testimony: Discretion of Jury.**  Where a note was shown to have been obtained by fraud in a suit by the indorsee, and the evidence of the indorsee that the note was obtained by him in good faith before maturity for a valuable consideration, was oral and uncontradicted, it was proper to submit the issue to the jury as to whether such testimony was true, and where the jury in such case found such evidence was not true and the trial court refused to set aside the verdict, the finding is binding upon an appellate court.

Appeal from Howell Circuit Court.—*Hon. William N. Evans,* Judge.

AFFIRMED.

124 App.—12

*C. R. Wood* and *James Orchard* for. appellant.

(1) There is no evidence to support the verdict in this case and the court should have given instruction numbered 1, offered by plaintiff, by way of peremptory instruction, directing the jury to return a verdict for the plaintiff. Bank v. Skeen, 101 Mo. 683; Jennings v. Todd, 118 Mo. 296; Mayes v. Robinson, 93 Mo. 114. (2) A negotiable note in the hands of an innocent purchaser for value before maturity is protected from all inquiry as to the consideration. Bennett v. Tarlina, 58 Mo. 309; Emmert v. Meyer, 65 Mo. App. 609. (3) The consideration of a negotiable note cannot be inquired into when the same is held by an innocent purchaser until it is shown that the holder is not an innocent purchaser and had actual knowledge of the failure of consideration. Horton v. Bayne, 52 Mo. 531; Merrick v. Phillips, 58 Mo. 436. (4) Fraud between the original parties to a negotiable note cannot be set up as a defense against the subsequent holder who took the note for value before maturity in the usual course of business and without notice of fraud. Corbit v. Butler, 55 Mo. 398.

*Green & Clark* for respondent.

GOODE, J.—This case was here on a former appeal when the judgment was reversed for an error in one of the instructions. [Bank v. Hammond, 104 Mo. App. 403, 79 S. W. 493.] The verdict at the second trial was on the same evidence introduced at the first trial, except the testimony that the cashier of the plaintiff bank inquired concerning the solvency of the defendant before purchasing the notes. The action is on two negotiable promissory notes for $500 each, dated January 21, 1901, payable to the Corwith Nursery Company, at Corwith, Iowa, one year after date. Plaintiff is a bank in Corwith, Iowa, and sues as indorsee of the notes, claiming to have purchased them in good faith before matur-

ity for a valuable consideration, to-wit; $1,000. The cashier testified the purchase was made February 1, 1901, or a few days after the notes were made. He testified further that the officers of the bank believed the Corwith Nursery Company was solvent, and had no notice or intimation of any fraud in procuring the notes or lack of consideration for them. The Corwith Nursery Company is an incorporated concern with its chief place of business in the town of Corwith; but it was not a customer of the plaintiff bank. Defendant swore he was induced to execute the notes by the fraudulent conduct of Uecke, the secretary and general manager of the nursery company; that Uecke came to Olden, Missouri, where Hammond lived, and asked him to work for the company, attaching as a condition that he (Hammond) should take stock in the company, as it was not expedient to give any one a position who did not hold stock; that it was agreed between him and Uecke that Hammond should take stock and pay for it in fruit trees; that Uecke insisted defendant should execute his notes as security for the price of the stock, until the payment in trees was made, and defendant did so on the understanding that the notes were to be returned to him if the condition of the company was not as represented; that Uecke represented it to have eighty acres of land adjoining the town of Corwith, forty acres of which were in nursery stock, and also that the company was doing an annual business of $90,000 and paying thirty-three per cent annual dividends; that a week or two after defendant purchased the stock he went to Corwith, examined the books of the company and found it did not own anything and had only done a business of four or five thousand dollars the year before; that on February 27, 1901, defendant wrote the plaintiff bank, asking if it could give him any information regarding the Corwith Nursery Company. This inquiry was answered on March 1 by the cashier, who wrote that the Corwith Nursery

Company did not do business with plaintiff and no information could be given as to the company's standing. As this correspondence took place a month after plaintiff had bought the notes, we fail to see how it tended to throw light on the bona fides of the purchase, though likely it influenced the jury against plaintiff's right. However no point has been made against its admission. The main insistence is that the court should have directed a verdict in favor of plaintiff, because the evidence showed, without conflict that it was an innocent purchaser of the notes before maturity and for a valuable consideration. This looks probable, but two juries have found to the contrary; the first one under instructions, of which one was erroneous, and the second under instructions approved on the former appeal and in accord with the law of negotiable paper. The trial judge did not set aside the verdict of the jury and it is to be presumed he deemed it to be supported by the evidence. We held on the previous appeal that the jury might draw an inference from the evidence against the bona fides of the purchase. After defendant had given testimony showing the payee obtained the notes by fraud, the burden of proving the good faith of the transaction fell on it as indorsee, and so the court charged. [2 Randolph, Commercial Paper (2 Ed.), sec. 1026; Hahn v. Bradley, 92 Mo. App. 399; Johnson v. McMurry, 72 Mo. App. 278.] If the officers of the bank swore truly, this burden was sustained and the acquisition of the notes by the bank proved to be an honest transaction. The officials were interested parties, a circumstance mentioned as worthy of notice in opinions dealing with the right of juries to reject uncontradicted testimony, and no doubt a material fact now and then. [Smith v. Mohr, 64 Mo. App. 39.] Whether or not the court ought to have directed the jury to find the issues for the plaintiff, is the question. It appears to be answered in the negative, though there are contrary decisions. Most of the Mis-

souri adjudications of the point hold that, where an issue of fact is controverted and oral testimony must be relied on as proof of the truth, though the testimony given on one side of the issue is uncontradicted, the jury has the right to find against it; subject, of course, to the power of the trial court to grant a new trial. [Bryan v. Ware, 4 Mo. 105; Vaulx v. Campbell, 7 Mo. 224; Gregory v. Chambers, 78 Mo. 294; Wolff v. Campbell, 110 Mo. 114, 19 S. W. 622; Gordon v. Burris, 141 Mo. 602, 614, 43 S. W. 642; Seehorn v. Bank, 148 Mo. 256, 49 S. W. 886; Hugumin v. Hinds, 97 Mo. App. 346, 71 S. W. 479; 1 Thompson, Trials, sec. 1037.]

The judgment is affirmed. All concur.