JOHN GEAR *vs.* SYLVESTER H. BARNUM.

A deed describing the premises conveyed as " the store building and the land it stands on," embraces all the land covered by the foundation walls.
The wall which supports a stoop or veranda and an outside stairway, is a part of the foundation walls of the building.

A deed of land which in fact bounds on a public highway, although not so described in the deed, carries with it a fee in the land to the center of the highway, unless a contrary intention clearly appears.

And where a deed conveyed a " store building and the land on which it stands," without other description of the boundaries, it was held that the grantee took the fee to the middle of the highway on the line of which the store stood.

PETITION for an injunction against the cutting down of a tree by the respondent on land claimed by the petitioner; brought to the Superior Court, and tried before *Minor, J.* The court found the facts and granted a perpetual injunction, and the respondent brought the record before this court by a motion in error. The case is fully stated in the opinion.

*Hubbard* and *Andrews*, for the plaintiff in error.

*Graves*, for the defendant in error.

CARPENTER, J. The petitioner is the owner of a piece of land, described in the deed of conveyance to him as follows: "Also the store building and the land it stands on, called the Woodville store, now occupied by Messrs. Wadhams & Beeman, situated southerly a few rods from the aforesaid conveyed pieces; also the right to use and occupy so much of the land northerly of said store building as lies between said store and the elm tree standing and growing north of said store, on a line parallel with the east side of said store, and from such easterly line west to the highway, so that the said Gear may build a shed or addition if he chooses. I also convey to said Gear the right to have free access to use his cellar doorway, and so much of said land around said store as he may want ·to go on to repair said store, or to rebuild if necessary."

This land is bounded on the west by the highway. On the south side of the store building, and outside of it, is a stairway leading to the second story. In front of the building is a stoop or veranda extending as far south as the south line of the stairs. The stoop and stairs rest upon a foundation, built of stone, extending about two and one-half feet south

of the south part of the stairs. The maple tree, which is the subject of controversy in this suit, stands in the highway north of the south line of the foundation wall, and south of the south line of the stairs. This was the condition of the property at the time the petitioner took his deed.

Subsequently the petitioner's grantor sold the land lying northerly, easterly and southerly of the petitioner's premises, to the respondent.

The respondent claims to be the owner of the maple tree, and to have the right to cut it down; and threatens to exercise that right. The Superior Court enjoined him from so doing. He now asks this court to reverse that decree upon a motion in error.

The question is, whether, by a fair construction of the petitioner's deed, the title is in him. If not, it is conceded to be in the respondent. We think the construction put upon that deed by the Superior Court is the correct one.

The land on which the building stands was conveyed to the petitioner. The veranda and stairs are parts of the building, and so is the artificial stone work which supports them. The foundation walls of a building are a part of the building itself. Hence a deed of the land on which a building stands conveys all the land covered by the foundation.

If, therefore, the petitioner's title extends to the center of the highway, his title to the tree is complete.

In respect to that question, the established rule of law is, that a conveyance of land bounded on a public highway carries with it a fee to the center of the road as part and parcel of the grant. *Chatham* v. *Brainard*, 11 Conn., 82, and authorities there cited. If the deed in terms bounded the premises on the highway, the application of this rule could not be disputed.

It being established that the land is in fact bounded upon the highway, the mere fact that it is not so described in the deed will not vary the construction. In either case the presumption that it was not the intention of the grantor to withhold his interest in the road to the middle of it, after parting

with all his right to the adjoining land, will be the same. Unless such intention clearly appears the presumption applies. We see nothing in the language of the deed, or in the situation and circumstances of the property conveyed, to warrant the inference that any such intention existed in this case.

The judgment of the court below must be affirmed.

In this opinion the other judges concurred; except GRANGER, J., who did not sit.