## GOODENO v. HUTCHINSON.

"Thence westerly to the road," in a deed of land, is by legal construction a true description of a line extending westerly to the centre of said road.

Parol evidence of the understanding or agreement of the parties to such a deed, that the easterly margin and not the centre of the road should be the westerly boundary of the land conveyed, is not admissible to control the deed.

WRIT OF ENTRY, to recover a strip of land in Gorham, forty-six rods long, and a rod and a half wide. Plea, *nul disseizin.* It appeared that on March 7, 1856, the plaintiff owned the land in controversy, together with the lot of land lying eastwardly of it, and that the demanded premises constituted the easterly half of a public highway three rods wide. On that day the plaintiff conveyed to the defendant the lot lying on the east of the highway. The material part of the description in the deed was in substance as follows: "Thence westerly to the road," [thence southerly] "to the south line of said lot, thence on said line to the bank of Peabody river." The words "thence southerly," in brackets, are not in the deed, but are inserted in the case to supply an omission in the description of the land, it being conceded that from the point indicated by the words "to the road," the line turns south and runs to the south line of the lot. The land in controversy is a part of said road which is now abandoned as a highway, and the defendant has taken possession of it. Upon the above concession being made, it is contended by the defendant that the words "to the road" mean to the centre of the road, and that the construction of the deed is, that the line is to run on the centre of the road to the south line of the lot.

The plaintiff contends that the point indicated by said words means the east side of the road, and thence by said east side to the south line. The plaintiff offered to prove, that when he gave the defendant his deed it was understood and agreed by the parties that the east side of the highway should be the west line of the land conveyed, and that the fences and monuments on said east side of the highway were pointed out as the boundary. The defendant objected to this testimony, and the court excluded it; to which the plaintiff excepted.

The court then ruled, that upon a true construction of said deed the line "running to the road" extended to the centre of said highway, and that the land in dispute passed from the plaintiff to the defendant, and directed a verdict for the defendant; to which the plaintiff excepted.

The plaintiff moved for a new trial, and the questions arising thereon were reserved.

*Crawford* (with whom were *Wm. Heywood* and *Twitchell),* for the plaintiff.

On the seventh day of March, 1856, the plaintiff deeded to the defendant a lot of land, bounded in part as follows : " To the old road leading from Gorham to Shelburne, thence on said road westerly to the road," etc., " to the south line of said lot." It will be seen that " the old road " is made the boundary upon the north line, and the south line of the lot the boundary upon the south. No boundary is given upon the west line, and the omission was supplied by inserting in the case the words "thence southerly." The court cannot from the description in the deed know whether or not there is a road upon the west side, and have nothing to do with that.

I. The only questions for them to decide are, Where and what is the boundary line upon the west side ?   " Thence southerly " must be construed to mean a line due south.   In fact, that rule of construction has been well settled in *Brandt* v. *Ogden,* 1 Johns. 155, *Jackson* v. *Reeves,* 3 Caines 293, and 2 Washb. R. P. (2d ed.) 675; and unless that construction is given the deed is void for uncertainty, unless parol evidence is admitted to show the intent of the parties.

The road not being the boundary, the rule that " to the road " would go to the centre would not apply, as a line running to an object or from an object, the terminus referred to, is excluded. *Hatch* v. *Dwight,* 17 Mass. 289; 4 Greenl. Cruise Dig. 265, *n;* 2 Washb. R. P. (2d ed.) 685.

Due south from the point in the road to the south line of said lot could not in any sense be construed to mean a highway.

By reference to the annexed diagram, it will appear that a line drawn due south from point A would intersect the south line of said lot at B.   The land claimed by the plaintiff is east of and adjoining to a line from point A, 10½ degrees west to point C, which shows that line A C makes a departure on the south line of the lot of 12.39 rods.   The whole distance from point A to C is 68 rods (the plaintiff claiming 46 rods from C north, 10½ degrees east).   From A to B is 67.15+ rods.   The departure from point A would leave the limits of the highway at a distance of about 8 rods, allowing " to the road " went to the centre ; and by the construction which must be given to the description " thence southerly," it will be evident that the land inclosed by the line A B C A did not pass by the deed to the defendant, but remained the land of the plaintiff ; and, inasmuch as the land claimed by the plaintiff in this action is within these limits, the court erred in directing a verdict for the defendant, as it makes no difference whether the plaintiff claimed all he was entitled to or not.

II. The court erred in its construction of the deed.   The construction given makes a boundary on the west side of the defendant's land not given in the deed.

III.   The evidence offered by the plaintiff should have been admitted, for where the description is doubtful it is competent to show the construction given by the parties to the language used, and parol evidence is admissible for that purpose. *Stone* v. *Clark,* 1 Met. 378 ; 6 Pick. 274 ; 3 Dane's Abr. 363; 2 Washb. R. P. (2d ed.) 682, and *n;* 1 Gr. Ev., sec. 293, and *n.*

A      North line.

68 rods.

67.15+ rods.

C      B

12.39 rods.            South line.

*Hastings* and *Ray & Drew,* for the defendant.

I. The deed of the plaintiff, dated March 7, 1856, conveyed to the defendant all the right, title, and interest that the plaintiff then had in and to the demanded premises.

Where land is sold bounded by, upon, or along a highway, or running to a highway, the centre line of the highway is presumed to be the limit or boundary of such land, and in order to rebut this presumption there must be positive terms indicating the purpose and intention of the parties to be different. There is nothing in the deed of the plaintiff indicating that it was the purpose or intention of the plaintiff to bound the tract of land conveyed to the defendant by the margin of the road, or tending to take it out of the general rule. *Reed's Petition,*

13 N. H. 381; *Johnson* v. *Anderson*, 18 Me. 76, 11 Me. 60, 13 Me. 23 ; Washb. R. P., vol. 2, p. 635 ; Kent Com., vol. 3, p. 434.

It is never to be presumed that the grantor intends to reserve his interest in a highway after parting with all his right and title to the adjoining lands.   Kent. Com., vol. 3, p. 433.

II. Parol testimony is not admissible to vary the terms of a written contract.

It is to be presumed that the whole engagement of the parties, and the extent and manner of the undertaking, were reduced to writing. Gr. on Ev., vol. 1, sec. 275 ; 24 N. H. 198 ; 11 N. H. 122 ; 39 N. H. 491 ; 4 N. H. 533 ; 12 N. H. 82.

" The 'duty of the court is to ascertain not what the parties may have secretly intended as contradistinguished from what their words express, but what is the meaning of the words they have used." Gr. on Ev., vol. 1, secs. 277 and 278.

That a contract should rest partly in writing and partly in parol would be a very unsafe rule.   The writing must be the sole evidence of the agreement, and verbal statements made at the time are incompetent to add to or vary it.

This is an elementary principle.   See authorities *passim*.

FOSTER, J.   It would seem to be immaterial, for the purposes of this case, whether the westerly line of the premises conveyed by the plaintiff to the defendant runs southerly or due south from the terminus of the northerly line, since it is conceded that the westerly line, whatever may be its precise direction, is either the easterly margin or the centre of the road, and that the land in controversy is the easterly half of the abandoned highway.   This being so, it is as if the language of the deed descriptive of the westerly boundary were " thence southerly on said road," or " thence southerly bounded by said road;" and the case falls precisely within the authority of *Reed's Petition*, 13 N. H. 381, which recognizes and adopts the long-established and well-settled rule of law, that where land sold is bounded by a highway, or upon or along a highway, the thread or centre line of the same is presumed to be the limit and boundary of such land, in analogy with the case of a stream of water not navigable, unless there is some further circumstance to control such a construction of the deed.   3 Washb. R. P. (3d ed.), 360 ; 3 Kent's Com. *434.

An examination of numerous cases leads to the conclusion that this principle of construction is so firmly established that it will be controlled only by very decisive circumstances, or by such words or specific description as plainly indicate a contrary intention.   In *Hoboken Land Co.* v. *Kerrigan*, 31 N. J. (Law) 16, where the line began at a corner on the side of the road, and ran by courses and distances, but without reference to the road, which, if accurately followed, would exclude it, it was held not to extend beyond the line thus plainly indicated. And wherever the terms of the deed show an intention to make the side line rather than the centre of the road the boundary, it will be

so construed; as in the case where land was bounded " easterly by said thirty-foot street, by a line which is parallel with and one hundred and ninety feet distant from B street." B street being one hundred and sixty feet eastwardly from the eastern margin of the thirty-foot street, it was held to exclude the street, the boundary being limited by metes and distances.

But in *Berridge* v. *Ward*, 10 C. B. (N. S.) 400, where the deed conveyed land bounded by a highway, it was held to extend to the *filum viæ*, although the colored plan of the lot sold, and admeasurement, extended only to the line of the road.

In *Kimball* v. *Kenosha*, 4 Wis. 331, the court say,—" Unless the street or road is expressly excluded, the grantee takes to the centre." And in *Morrow* v. *Willard*, 30 Vt. 118, the court held that bounding " south on a highway " passes the soil to its centre line; but if the deed had said " bounded by the north line of the highway," it would have excluded it altogether. See the cases cited in the American notes to 2 Smith's L. C. (4th ed.) 187; *Winter* v. *Peterson*, 4 Zab. 527; *Sherman* v. *McKeon*, 38 N. Y. 266; *Paul* v. *Carver*, 24 Pa. St. 207; *Cox* v. *Freedley*, 33 Pa. St. 124; *Johnson* v. *Anderson*, 18 Me. 76; *Stark* v. *Coffin*, 105 Mass. 328; *Chatham* v. *Brainerd*, 11 Conn. 82; *Champlin* v. *Pendleton*, 13 Conn. 23; *Gear* v. *Barnum*, 37 Conn. 229. In the latter case, CARPENTER, J., after stating the " established rule of law " that a conveyance of land bounded on a public highway carries with it a fee to the centre of the road as part and parcel of the grant, says,—" If the deed, in terms, bounded the premises on the highway, the application of this rule could not be disputed. It being established that the land is in fact bounded upon the highway, the mere fact that it is not so described in the deed will not vary the construction. In either case, the presumption that it was not the intention of the grantor to withhold his interest in the road to the middle of it, after parting with all his right to the adjoining land, will be the same. Unless such intention appears the presumption applies."

This brings us to the consideration of the question, whether the proposed testimony, concerning the understanding and agreement of the parties that the east side of the highway should be the west line of the land conveyed, was competent. And we are unable to discover any grounds upon which such evidence could properly be admitted.

There is no latent ambiguity in the terms of the description of the boundary when the true rule of construction is applied. " To the road " means to the centre of the road. The boundary is thus perfectly defined; and the remarks of BELLOWS, C. J., delivering the opinion of the court in *Coburn* v. *Coxeter*, 51 N. H. 162, seem to be peculiarly applicable: " If this evidence be admissible to control the deed, it would be difficult to conceive of a case where it would not be admissible, for here, clearly, there is no latent ambiguity in respect to this boundary. The most that can be said is, that the parol evidence shows that the parties intended to convey a different tract of land; but if it be so, the only remedy is by proceedings in equity to reform the deed, for

at law it is conclusively presumed that all previous negotiations are merged in the deed."

"The duty of the court is to ascertain not what the parties may have secretly intended, as contradistinguished from what their words express, but, what is the meaning of the words they have used." 1 Gr. Ev., sec. 277 ; *Proctor* v. *Gilson*, 49 N. H. 65.

Facts, existing at the time of the grant and prior thereto, may be proved by parol evidence, with the view of establishing a particular line or bound as being the one contemplated by the parties, when, by the terms of the deed, such line or bound is left uncertain ; but here there is no question as to which of two or more lines or bounds is intended, but a bound is expressed which has a fixed and settled legal meaning; and in such a case parol evidence cannot be admitted to contradict or control the language of the deed.   3 Washb. R. P. (3d ed.) 347.

In accordance with these views there must be

*Judgment on the verdict.*