JOHN S. HOOPER & others *vs.* WALTER FARNSWORTH & another, trustees.

Suffolk. March 24. — 26, 1880. AMES & LORD, JJ., absent.

A lease of a "store" includes the land under it and to the middle of a private way in the rear, the fee of which is in the lessor.

CONTRACT upon an account annexed, for money had and received, being the amount of over-paid taxes assessed from 1864 to 1877 on premises leased by the plaintiffs of the defendants, Writ dated June 13, 1879. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court on appeal, on an agreed statement of facts in substance as follows:

The plaintiffs and defendants entered into an indenture of lease, by which the plaintiffs hired of the defendants the "store numbered 120 and 122 State Street, Boston," for the term of five years from April 1, 1864, at the rent of $3000 per annum, and agreed to pay "all taxes and duties levied or to be levied thereon during the term, and also the rent and taxes, as above stated, for such farther time as the lessee may hold the same." On April 1, 1869, the lease was renewed for five years "at thirty-five hundred dollars per annum and taxes;" and, on April 1, 1875, the lease was again renewed for five years, "at thirty-five hundred dollars per annum and taxes." The store described in the lease opens upon a passageway in the rear called Butler's Row, used as a back street to this and other stores abutting thereon long before this lease was made, and ever since. The city of Boston, until the year 1860, taxed the store and the land under the same, valuing the two together. From 1860 to 1877 inclusive, the store and land have been valued separately, and the land taxed as containing 1100 square feet. This measurement is found to contain such portion of the passageway as would be enclosed between the side lines of the store extended to the middle of the way and the middle line of the way. The fee in this portion has been in the defendants during the continuance of the lease, but the land had been used for the purposes above described for more than twenty years before this lease was

signed, and no other use of it has ever been made by the defend-
ants, and no use of it at all by them since this lease was made.
The part of Butler's Row on which the store abuts is a private
way, and has never been laid out or accepted by the city as a
street.   In the year 1878, the assessors of the city were notified
that a portion of the land assessed by them as part of the prem-
ises Nos. 120 and 122 State Street was included in said passage-
way, and they thereupon made an abatement in the tax for that
year for the whole of said portion, on the ground that it was
customary where land was used for such purposes not to assess
a tax upon it; and it is admitted that such is the custom, and
that no such notice had been previously given to the assessors;
and that, until the year 1878, such custom was unknown to the
defendants, who, however, never supposed that land used by the
city as a street was taxed.   The tax-bills were rendered to and
in the name of the defendants, who called upon the plaintiffs to
pay the same; and this was usually done by the defendants send-
ing the bills to the plaintiffs, who paid them to the city collector
and kept the receipted bills.

If, upon the above facts, the plaintiffs could recover any por-
tion of the taxes paid upon the land in the passageway, judg-
ment was to be entered for them for such portion as they were
entitled to; otherwise, for the defendants.

*L. M. Child*, for the plaintiffs.

*A. L. Lincoln, Jr.*, for the defendants.

BY THE COURT.   The lease of the "store" included the land
under it and to the middle of the private way adjoining.   *Rogers*
v. *Snow*, 118 Mass. 118.   *Gear* v. *Barnum*, 37 Conn. 229.   *Bos-
ton* v. *Richardson*, 13 Allen, 146, 154.   *Smith* v. *Howden*, 14 C. B.
(N. S.) 398.   The whole of that land was rightly taxed, and the
plaintiffs were bound by their covenant to pay the tax thereon.

*Judgment affirmed.*