128   43
134   399

## GRANT, *Appellant*, v. MOON.

### Division One, March 26, 1895.

1. **Conveyance**: BOUNDARY: HIGHWAY. A conveyance of land bounded on a public highway carries with it the fee to the center of the highway, subject to the public easement, where there are no words or specific description showing a contrary intent, provided the grantor at the time owned to the center; and this is so, although no highway be mentioned, where the description by courses and distances carries the line along the side of a highway.

2. ——: ——: ——: PRACTICE: PRESUMPTION. The question whether a conveyance of land bounded on a highway passes the title to its center is one of intention to be ascertained from the language of the deed, together with other facts and circumstances properly going to explain that language such as the situation of the land and the relation of the parties; but the presumption of intent to pass the title to the center of the highway will prevail, unless a contrary intention appears.

3. ——: ——: ——: PRACTICE IN SUPREME. Where there is evidence to support the finding of the trial court as to the location of disputed boundaries of land it will not be disturbed upon appeal.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*L. G. Lydy* and *Heffernan & Buckley* for appellants.

(1) In order that the title to the middle of the highway shall pass and become vested in the grantee when it is abandoned, the highway, road, or whatever it may be, *eo nomine*, must be used as a monument. Where the grantee takes by metes and bounds he takes only what is covered thereby, and, even though the description of his land may run to highway or along the highway, he is entitled only up to it as above stated. The highway itself must especially be named as the monument or terminus of one or all of his lines, and be called for in his deed as such. 3 Kent's Commentaries [12 Ed.] star page 435, and cases cited; 2 Smith's Leading Cases [4 Am. Ed.] p. 187; *Jackson v. Attaway*, 15 Johnson, 447; *Haines v. Elliott*, 10 Peters, 25; *Brewing Co. v. Robinson*, 5 Wharton, 18; *Haight v. Hamer*, 22 Atl. Rep. 369; *Dodd v. Witt*, 139 Mass. 63; *Holden v. Chandler*, 18 Atl. Rep. 310; *Trustees v. Schroll*, 12 N. E. Rep. 243; *Packer v. Byrd*, 137 U. S. 661; *Lumbeck v. Nye*, 24 N. E. Rep. 686; *Parker v. Framingham*, 8 Metc. 260; *Sibley v. Holden*, 10 Pick. 249; *Tyler v. Hammond*, 11 Pick. 193; *Smith v. Slocum*, 9 Gray, 36; 21 Pick. 295. (2) The description of the land in sheriff's deed to J. S. Phelps covers the land in controversy. It runs down to the south line of the property claimed, and although it specifies the number of

acres, yet this would make no difference, for the description controls a named quantity. The quantity of land included within the lines will dominate, regardless of the quantity mentioned or stated in the deed. *Baldwin v. Berry*, 17 N. Y. 359; *Watson v. Jones*, 85 Pa. St. 117; *Davis v. Rainsford*, 17 Miss. 207; *Marshal v. Bonepart*, 18 Mo. 84. (3) Where there is any doubt as to construction to be given to a deed it should be most favorable to the grantee, even if any uncertainty in the amount of land conveyed under which plaintiff holds should be created by the discrepancy between the described part and the quantity mentioned, the uncertainty should be resolved in favor of it. *Bray v. Conrad*, 101 Mo. 33; 3 Washburn on Real Property [5 Ed.] side page 628; *Grubb v. Grubb*, 107 Pa. St. 11; *Jackson v. Gardner*, 8 Johnson, 396; *Thomas v. Cargo*, 55 Ill. 403.

*H. E. Howell* for respondent.

(1) The presumption is in favor of the correctness of the judgment of the trial court. Mo. Appellate Practice, 103 and 138, and authorities there cited. (2) It is settled in this state by a long course of decisions that an appellate court will not review the facts for the purpose of weighing the evidence, in an action at law; this, it is said, must be left to the jury and trial judge, except when there is a total lack of evidence to support the verdict. Mo. Appellate Prac., p. 110; *Hunt v. Railroad*, 89 Mo. 607; *Wilson v. Albert*, 89 Mo. 538; *Deering v. Saum*, 56 Mo. 476. (3) There is not only evidence to support the judgment in this case, but it is clearly for the right party, for the following reasons: *First.* "The owner of land joining on a street, alley or public highway owns the fee to the center thereof, subject to an easement in the public," and as the strip

in controversy all lies in the old road in front of defendant's lot, and between his lot and the center of the old road, the said strip belongs to defendant when abandoned by the public or subject to the rights of the public if not abandoned. *Hannibal Bridge Co. v. Schaubacher*, 57 Mo. 582, on page 585. *Second.* The sheriff's deed to Phelps does not include the strip sued for when the description of land therein is properly construed. Deeds are to be construed like any other contract as to the intention of the parties. *Long v. Wagener*, 47 Mo. 178. Sheriffs' deeds are more strictly construed against the grantees therein than deeds between parties. *Long v. Higginbotham*, 56 Mo. 245. If there is enough embraced in a deed so as to afford a sufficient description, any repugnant call will be rejected or made to conform. *Shewalter v. Pirner*, 55 Mo. 218; *Cooley v. Warren*, 53 Mo. 166; Township 35 construed to be township 34. *Fenwick v. Gill*, 38 Mo. 510.

BRACE, P. J.—This is an action in ejectment for a small parcel of land in the city of Springfield, contained within the following metes and bounds: "Beginning at a point eleven rods and nine links south of a point twenty-eight feet southwest of the northeast corner of the southwest quarter of section 23, township 29, range 22, thence south forty-one and one half degrees west to a point on a straight line running due north and south one hundred and sixty feet west of said beginning point; thence south forty-one feet; thence north forty-one and one half degrees east to a point due south of said beginning point, thence north forty-one feet to said beginning point."

The answer was a general denial. The case was tried by the court without a jury. The plaintiff asked the court to declare the law to be "that on the evidence the plaintiff is entitled to recover the land in contro-

versy, provided the court finds from the evidence that the defendant was in possession of the property at the time of the institution of this suit," which the court refused to do. No other declarations of law were asked or given. The court found for the defendant, and the plaintiff appeals.

It appears that the parties are coterminous proprietors. The evidence tends to prove that the land in question was formerly within the lines of an old public road sixty feet wide, running from Springfield, Missouri, to Fayetteville, Arkansas, the use of which as a public road had been abandoned for some years prior to the institution of this suit; that the conveyances under which both parties claim are by metes and bounds, that the land in question is in the possession of the defendant and within the lines of the plaintiff, according to the description of the courses and distances in the deeds on which he claims title.

The claim of the defendant is that the south line of his tract is coincident with the north line of the old road, and, the road having been abandoned, his line is extended to the middle of the old road, and, thus extended, includes the land in controversy. The plaintiff concedes that the evidence shows that the defendant's land at its southwest corner touches the line of the old road, but insists that the evidence shows that his line, "when it leaves that point running northeast leaves the line of the old road and does not touch it any more, but varies therefrom a small but assured distance, the line of divergence increasing as it progresses eastward."

Whether the weight of the evidence supports this view of the fact we are not called upon to say. The court must have found that this line of the defendant and the line of the old road were practically coincident, and that the defendant's land for the length thereof

abutted on the road, and we can not say there was no
evidence from which this inference might have been
drawn.   Conceding, then, that defendant's land did so
abut, the only question in the case was, did the abandon-
ment of the public road have the effect of extending the
boundary of defendant's land to the middle line thereof,
thereby including the land in controversy within the
line of plaintiff's grant.

Chancellor Kent says:   "The established inference
of law is, that a conveyance of land bounded on a pub-
lic highway carries with it the fee to the center of the
road, as part and parcel of the grant.   The idea of an
intention in the grantor to withhold his interest in a
road to the middle of it, after parting with all his right
and title to the adjoining land, is never to be presumed.
It would be contrary to universal practice;   and, it was
said, in *Peck v. Smith* [1 Conn. 103,] that there was
no instance where the fee of a highway, as distinct from
the adjoining land, was ever retained by the vendor.
It would require an express declaration, or something
equivalent thereto, to sustain such an inference; and
it may be considered as the general rule, that a grant
of land bounded upon a highway or river carries the
fee in the highway or river to the center of it, provided
the grantor at the time owned to the center, and there
be no words or specific description to show a contrary
intent."   3 Kent's Com. [13 Ed.] *433.   This general
rule is the recognized law in this state.   *Snoddy v.
Bolen*, 122 Mo. 479.

The title of the defendant emanated from the com-
mon grantor long before the title of the plaintiff.   At
the time of his grant to defendant's remote grantor he
was the owner of the fee to the center of the highway,
and under this general rule the grant extended to the
center of the road, unless in the deed there be some-
thing found to show a different intent.   There are no

such words used, so far as this record shows.   The land is simply described by metes and bounds, without mention of the road in any of the deeds, and, "It seems * * * if no such words are used and no highway is mentioned, although the description by courses and distances should carry the line along the *side* of a highway, the land to the center of the way will also pass." Elliott on Roads and Streets, 551;  *Gear v. Barnum*, 37 Conn. 229;  *Cox v. Freedley*, 33 Pa. St. 124;  *Paul v. Carver*, 26 Pa. St. 223.

However that may be, "The question is one of intention, to be ascertained from the language of the deed together with other facts and circumstances properly going to explain that language, such as the situation of the lands and the relation of the parties, the presumption of intent to pass the title to the center of the road prevailing, unless a contrary intention appears."   Elliott on Roads and Streets, 550;  Angell on Highways [3 Ed.], sec. 314.   "*What* the boundaries of a given piece of land which has been conveyed by deed are, is for the court;  *Where* these boundaries are, is a question for the jury.  What is the true location of a survey is not one of construction, nor a question of law, but of fact;  and whether a particular piece of land is included within the boundaries mentioned, if these are in dispute, is a question for the jury."   3 Wash. on Real Property [5 Ed.], p. 453.

What theory of the law the trial court may have entertained and applied in the determination of this case, we are not advised by this record.   It was not asked to declare that theory.   The question of fact at issue as to the location of the boundaries of plaintiff's and defendant's land, it found in favor of the defendant, and we are concluded by that finding, there being evidence from which the court might have inferred that

it was the intention that the grant to the defendant should extend to the middle of the road, subject to the public easement. The judgment is affirmed. All concur.