# DANIEL B. DYER, Appellant, v. FRANK TYRRELL, Respondent.

### Springfield Court of Appeals, April 4, 1910.

1. **TRESPASS: Cutting Timber: Prima Facie Case.** Respondent and others signed a contract and bond from which it appeared they had purchased from the supposed owner all the tie timber on a certain tract of land. In a suit by the true owner for trespass and damage against the parties who signed the contract for the timber cut under the contract, respondent claimed to have signed the contract and bond merely as surety for the real purchaser; that he did not participate in the timber cutting and was therefore not a party to the trespass nor liable for the timber taken. *Held*, that the contract in evidence, taken in connection with the proof that timber had been cut thereunder, raised a prima-facie case against the respondent and cast the burden on him to show that he was not a party to the trespass either as principal or as an aider and abettor; that, under the evidence, appellant was entitled to go to the jury, and the court erred in peremptorily instructing for respondent.

2. **AIDING AND ABETTING: Instructions.** Any one who aids or abets, assists or advises the trespasser in committing a trespass is equally liable with the one who does the act complained of. Instructions offered in this case on aiding and abetting examined and approved.

3. ————: **Intent of Trespasser.** In civil actions for damages for trespass, the intent of the party committing the trespass is immaterial. It is not the intent with which the act is done, but the result of the act done which fixes his liability.

4. **PRACTICE: Trial by Jury.** It has come to be the fixed rule of law and practice in this State that even though the testimony be all one way, yet where the issue is one which requires proof, and the party upon whom rests the burden depends upon oral testimony, the other party still has the right to have the case submitted to a jury.

5. ————: ————: **Peremptory Instructions.** The court may give a peremptory instruction against a party upon whom rests the burden when, in his judgment, there is no substantial evidence to sustain the issue in his favor, but he cannot, under any circumstances, where the proof depends upon the oral testimony of witnesses, instruct the jury to find the issues in favor of the party upon whom rests the burden.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*J. W. Chilton* and *James Orchard* for appellants.

(1)   One who aids or abets in the commission of a trespass, or participates therein or in the fruits thereof is equally liable with the principal trespasser, and is liable for the whole damage done.   And the same is true of one who encourages the commission of a trespass. Canifax v. Chapman, 7 Mo. 175; Dreyer v. Ming, 23 Mo. 434; Holliday v. Jackson, 21 Mo. App. 666; Walters v. Hamilton, 75 Mo. App. 243; Crenshaw v. Ullman, 113 Mo. 641; McManus v. Lee, 43 Mo. 206; McNeeldy v. Hunton, 30 Mo. 332.   (2)   Ignorance of the fact that defendant had no right to, and did not own the property over which he assumed control, or mistaken belief that he did own it, does not excuse his act nor relieve from damages.   Pitts v. Daniel, 82 Mo. 123; Pierson v. Inlow, 20 Mo. 322.   (3)   One who indemnifies another in the commission of a trespass is a participator in such trespass, and is equally liable in damages with the principal trespasser.   Peckham v. Glass Co., 9 Mo. App. 459; Wetzell v. Waters, 18 Mo. 396; Kamerick v. Castleman, 29 Mo. App. 658; Watson v. Harmon, 85 Mo. 447.   (4)   And if defendant, F. L. Tyrrell, be regarded as a purchaser from Sebastiano Conannanni, he would nevertheless be liable for any damage resulting from his participancy in cutting and removing timber from said land.   Dryer v. Ming, 23 Mo. 434; Lumber Co. v. Carter (Ga.), 63 S. E. R. 270.

*Shuck & Cunningham* for respondent.

STATEMENT.   Action by plaintiff against this defendant and J. F. Stewart and Joe V. Wood for trespass, bottomed upon the charge that defendants had cut and carried away timber located on the south half of

section 5, township 30, range 4, in Shannon county, Missouri, of the value of $321. Judgment went by default against Stewart and Woods, and upon a trial before a jury, the court, at the close of all the testimony, gave a peremptory instruction directing the jury to find in favor of defendant, Tyrrell. Plaintiff has appealed, assigning as error the action of the court in admitting incompetent testimony, and in giving a peremptory instruction to find in favor of defendant, Tyrrell, and in refusing to give instructions asked by plaintiff.

COX, J.—It was admitted in this case that at the time of the trespass the title to the land from which the timber was cut was in the plaintiff. The plaintiff then introduced the following contract:

"This agreement made and entered into, this 13th day of November, 1901, by and between Sebastiano Conannanni, of Murphysboro, Ill., party of the first part and Frank Stewart, Joe V. Woods, Frank Tyrrell and George W. Karr of Timber, Mo., parties of the second part; witness, that the said party of the first part, in consideration of the sum of $400 does sell and transfer to the said parties of the second part, all railroad tie timber (all timber too small for railroad ties; also all pine timber being reserved), on the south half of section five, township thirty, range four, to be paid in monthly payments at the amount of four cents a tie for all ties cut from above described land.

"(Signed)                J. F. STEWART,
"J. V. WOOD,
"F. L. TYRRELL,
"GEO. W. KARR.

"State of Missouri, County of Shannon, ss.

"We, Frank Stewart, Joe Wood, Frank Tyrrell and George W. Karr, acknowledge ourselves bound and indebted unto Sebastiano Conannanni, in the sum of eight hundred dollars, to be void upon this condition,

that we fulfill the within contract and pay to the said Sebastiano Conannanni all moneys due him for timber described therein.

"(Signed)                              J. F. STEWART,
                              "J. V. WOOD,
                              "FRANK L. TYRRELL,
                              "GEO. W. KARR."

Plaintiff then introduced evidence to show that some ten or eleven thousand railroad ties had been cut upon the land described in the petition, under this contract, and evidence to show their value, and rested his case.   The defendant, Tyrrell, in his defense, offered evidence to show that his purpose in signing the contract above set out was simply to stand as surety for Stewart and Wood for the payment of the four hundred dollars, agreed to be paid to Conannanni, and that he had nothing to do in the actual cutting of the timber and did not receive any of the proceeds.

The evidence, during the trial, also developed the fact that the supposed owner of the land, Conannanni, would not sell the timber to Stewart and Wood without having security for the payment.   There was also evidence tending to show that Tyrrell and Karr were partners in the merchandise business and operating a store; that when this timber was being cut these merchants issued coupon books to Stewart and Wood, and charged them with the value thereof; that Stewart and Wood hired men to cut the ties and paid them therefor, by delivering to them these coupons with which they purchased goods at the store of Tyrrell and Karr.   Also that when the ties were sold the checks passed through the hands of Tyrrell and Karr, and that they deducted the amount due for the coupon books issued to Stewart and Wood, and paid to Stewart and Wood the balance.   In this state of the testimony, could the action of the trial court in giving the peremptory instruction to the jury to find in favor of defendant, Tyrrell, be up-

held? We think not. It is conceded that Stewart and Wood had trespassed upon the land of plaintiff, cut and removed timber therefrom, and, hence, they were trespassers, and judgment went against them by default. It is clearly the law that any one who aids or abets, assists or advises the trespasser in committing a trespass, is equally liable with the one who does the act complained of. [Cannefax v. Chapman, 8 Mo. 175; Wetzel v. Water, 18 Mo. 396; Page v. Freeman, 19 Mo. 421; McNeely v. Hunton, 30 Mo. 332; McManus v. Lee, 43 Mo. 206; Palmer v. Shenki, 50 Mo. App. 571.]

In civil actions for damages for trespass, the intent of the party committing the trespass is immaterial. It is not the intent with which the act is done, but the result of the act done which fixes his liability. [American and English Encyclopedia of Law, vol. 26, p. 577, and cases there cited; Pearson v. Inlow, 20 Mo. 322.]

In this case it is wholly immaterial whether the trespassers, Stewart and Wood, or anyone who may have aided or abetted them, may have acted in good faith and in the honest belief that they were purchasing the timber from the lawful owner, for if they did not purchase from the lawful owner, they acquired no title to the timber, and hence, would be liable for its value if they cut and removed it.

Two questions of importance arise in the determination of this appeal. First, was there any substantial evidence tending to show that defendant, Tyrrell, was a party to the trespass, or aided and abetted Stewart and Woods, who are admitted to be trespassers? When plaintiff rested his case the evidence showed that defendant, Tyrrell, was a party to the contract of purchase of this timber, and that the timber was cut and removed under this contract. This was certainly made a prima-facie case against Tyrrell, and was sufficient to put him upon his defense and cast upon him the burden of showing that he did not take any part, either as principal or as aider and abettor in the trespass com-

mitted by Stewart and Wood in cutting the timber. It has come to be the fixed rule of law and practice in this State that even though the testimony may be all one way, yet where the issue is one which requires proof, and the party upon whom rests the burden depends upon oral testimony, the other party still has the right to have the case submitted to a jury, and let the jury pass upon the question of the credibility of the testimony and its weight, and whether or not the party upon whom the burden rested has discharged that burden. [Seehorn v. Bank, 148 Mo. 256, 49 S. W. 886; Bank v. Hammond, 124 Mo. App. 177, 101 S. W. 677.]

There can be no question but that plaintiff's testimony made a prima-facie case and shifted the burden to the defendant to establish a defense. This he attempted to do and testimony was offered for that purpose, and although the burden was upon him to establish facts which would show that he had no connection with this trespass, either as a principal or as an aider or abettor, the court, at the close of all the testimony, peremptorily instructed the jury to find in his favor. This was clearly error. The court may give a peremptory instruction against a party upon whom rests the burden, when, in his judgment, there is no substantial evidence to sustain the issue in his favor, but he cannot, under any circumstances, where the proof depends upon the oral testimony of witnesses, instruct the jury to find the issues in favor of the party upon whom rests the burden. His duty is to tell the jury what facts, if believed, will discharge the burden, but he has no right to tell the jury what facts they must believe. This the court, in effect, did in this case when he told the jury that they must find in Tyrrell's favor.

The second question is as to the action of the court in refusing instructions asked by plaintiff. At the close of the testimony, the plaintiff asked the court to give the following instructions:

"1.   The court instructs the jury it is admitted that the title to the south half of section five, township thirty, range four  west, in Shannon county, Missouri, was at the date of cutting the timber complained of, vested in Daniel B. Dyer, the plaintiff, and if you find from the evidence that J. F. Stewart and Joe V. Wood, by mutual agreement and understanding between all the defendants, and in pursuance of a common purpose to cut and remove railroad ties from said land, did, at any time within five years next before the filing of this suit enter upon said land and cut and remove and dispose of any railroad ties therefrom, then you are instructed that under the law all the defendants are liable to plaintiff for the full amount of the damage done by such trespass, and your finding should be for the plaintiff and against all the defendants.

"2.   The court further instructs the jury that one who aids, abets, assists, furthers or advises in the commission of a trespass by others, is liable for all damages thereby done, the same as if he was actually present and committed the trespass in person, and although you may find from the evidence F. L. Tyrrell did not himself, in person, cut or remove any timber from the south half of section five (5), township thirty (30), range four (4) west, Shannon county, Missouri, yet if you further find from the evidence that F. L. Tyrrell signed the contract introduced in evidence by plaintiff for the purpose of enabling Wood and Stewart to buy said tie timber from Sebastiano Conannanni, or of inducing said Sebastiano Conannanni to sell said ties to said Stewart and Wood by thereby standing good to said Sebastiano Conannanni for the purchase price of said ties and that in pursuance of this arrangement, said Stewart and Wood at any time within five years next before the filing of this suit, which suit was filed November 19, 1904, entered upon said land and cut and removed therefrom any railroad ties, then you are instructed that said F. L. Tyrrell was a participator in

the trespass committed by said Wood and Stewart on said land, and equally liable to plaintiff for the full amount of damages so done by Stewart and Wood.

"3.    The court further instructs the jury that although the defendants may have been ignorant of the ownership of the said land, to-wit: the south half of section five, township thirty, range four, west, and may have believed that Sebastiano Conannanni was the true owner of said land, yet such belief or mistaken belief would not excuse defendant from liability to the plaintiff for the actual value of all timber, by them cut and removed therefrom *without* the consent of the plaintiff, nor prevent their said acts from being a trespass under the law.

"And, although you may find that defendants bought the tie timber on said land from Sebastiano Conannanni, and paid him therefor the sum of four hundred dollars, or that defendants Wood and Stewart bought said tie timber and defendant Tyrrell, as a party to the contract, stood good for the purchase price to said Conannanni, and that such purchase was made in good faith, believing that Conannanni owned the land, yet your verdict must be for plaintiff and against all defendants for the value of all railroad ties cut and removed from said land by Wood and Stewart acting under said contract of purchase."

The first two of these instructions, under the evidence in this case, clearly and properly declare the law applicable to this case and should have been given, and under them, the question left to the jury to say whether or not this defendant had aided or abetted Stewart and Wood in committing the trespass.    Instruction one, which tells them if an agreement and understanding was made between Stewart and Wood and all the defendants, whereby they were engaged in a common purpose to cut and remove railroad ties from said land, and in pursuance of that purpose, ties were cut and removed, then they would all be liable, was fully warranted by

the testimony in this case, and should have been given. There is no question that defendant Tyrrell signed the contract and that he did it because the supposed owner of the land would not sell the timber to Stewart and Woods unless they gave security for the purchase price thereof. The evidence further tends to show that defendant Tyrrell and his partner, Karr, furnished Stewart and Wood with the means to employ men to cut ties upon this land and that when the ties were paid for the checks went through their hands, and they deducted from them the amount due them for goods furnished Stewart and Wood while the ties were being cut, and these facts would warrant the jury in finding not only that Tyrrell had aided and abetted Stewart and Wood in committing the trespass, but that Tyrrell was himself actually interested in the proceeds of the timber.

Instruction two told the jury that if Tyrrell signed the contract for the purpose of enabling Stewart and Wood to purchase this timber, and that in pursuance of this contract, and, by reason of it having been signed by Tyrrell, they were enabled to purchase the timber from the supposed owner, and were thereby put in a position where they could cut the timber, that this amounted to an aiding and abetting them in cutting the timber. Under the evidence in this case, this instruction should have been given. It seems clear that Stewart and Wood were enabled to purchase this timber from the supposed owner and were put in a position where they could commit this trespass by reason of the fact that defendant Tyrrell and his partner agreed to secure the purchaser for the payment of the timber. It was, to say the least, clearly a question for the jury as to whether or not this defendant had actually aided or abetted Stewart and Wood, and when the plaintiff had made a prima-facie case by proof of the execution of the contract, the cutting of the timber under it, the burden then being cast upon defendant to show that

he was not implicated in the trespass, the court should not have told the jury that he had discharged that burden, but should have left it to them to say whether he had or not, and the instructions number one and two asked by plaintiff, if given, would have properly submitted that issue to the jury.

Instruction number three, asked by plaintiff, was erroneous for the reason that it makes Tyrrell's liability absolute from the fact that he signed the contract, and became responsible for the purchase price of the timber. This fact alone did not make him liable. The ground upon which Tyrrell's liability must rest is the fact that his act assisted Stewart and Woods to cut the timber, and that element should have been included in this instruction, and as it was not included, the court properly refused it.

For the errors noted, the judgment will be reversed and the cause remanded. All concur.