## WILHELM GREISSER, Appellant. v. R. B. EMMONS, et al, Respondents.

### Springfield Court of Appeals, December 11, 1913.

1. **APPELLATE PRACTICE: Judgment: Affirmance.** Where no specific findings of fact are requested and no declarations of law given, the judgment must be affirmed, unless it is so manifestly erroneous that it cannot be sustained upon any theory.

2. **NEGOTIABLE INSTRUMENTS: Holder in Due Course: Unreasonable Delay in Negotiating.** Where a check, payable on demand, is negotiated an unreasonable length of time after its issue, the holder is not deemed one in due course. (Citing Section 10023, R. S. 1909).

3. ——: ——: **Question of Fact.** Whether a person who endorsed a stolen check to accommodate the thief, the check being more than thirty days old, was a holder in due course, *held*, not error to treat as a question of fact under the circumstances involved.

Appeal from Jasper County Circuit Court.—Division No. One.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*J. N. Threlkeld* and *C. V. Buckley,* for appellant.

Where a negotiable instrument complete in form and duly signed and stolen from some place where the maker has left it and it passes by the thief to a *bona fide,* innocent holder, the latter can recover from the maker on the theory that where one of two innocent parties must suffer it is the one whose acts furnish the means by which the injury is accomplished. 1 Daniel on Neg. Ins. (3 Ed.), sec. 837; 2 Morse on Banks, Sub. e. (4 Ed.), sec 474; Levy v. Bank of America, 24 La. 220; Smith v. Bank. 6 La. Ann. 610; 2 Daniel Neg. Ins., (3 Ed.), sec. 1655; Hardy v. Chesapeake Bank, 51 Md. 562; 2 Daniel, (3 Ed.), sec. 1657; Glocester Bank v. Salem Bank, 17 Mass. 3342.

*H. S. Miller,* for respondents.

A check, unlike a bill of exchange is generally designed for immediate payment, and not for circulation, and therefore it becomes the duty of the holder to present it for payment as soon as he may, and if he does not, he keeps it at his own peril. Bank v Dreyfus, 82 Mo. App. 402,403; 2 Daniel Nev. Inst. sec. 1595.

ROBERTSON, P. J.—The defendants, Howard & Brown, issued to the other defendants, R. B. Emmons, checks on a bank in Joplin, Missouri, which said Emmons endorsed in blank and returned to Howard & Brown. The checks were thereafter stolen from Howard & Brown and about thirty days later the plaintiff endorsed them at a bank in Denver, Colorado, for the benefit of the thief who then collected the proceeds thereof and appropriated the same to his own use. At the time the plaintiff endorsed the checks they had the forged firm name of Howard & Brown thereon. This suit was instituted to recover the amount of the checks and protest fees.

The answer sets up as a defense the facts as to the theft of the checks, and the endorsement by plaintiff, and alleges that the endorsement by Howard & Brown was a forgery, that the plaintiff was not a holder in due course because he "did not negotiate the same in the regular course of business and in good faith,", and because at the time the plaintiff endorsed the checks they were more than thirty days old, "thus losing their negotiability, all of which the plaintiff could and did know from the date of said checks."

A trial was had before the court without a jury and resulted in a judgment for the defendants and the plaintiff has appealed.

No declarations of law were requested or given and no complaint is made in the brief filed here by the appellant questioning the admission or rejection of tes-

timony. ''Where no specific finding of acts are requested and no declarations of law given, unless we can say that upon the evidence the judgment of the circuit court is so manifestly erroneous that it cannot be sustained upon any theory, the judgment must be affirmed.'' [Stoepler v. Silberger, 220 Mo., 258, 269, 119 S. W. 418.] The logical result of the contention of the plaintiff here is that we should declare as a matter of law that the judgment of the trial court should have been for the plaintiff and against these defendants. To so hold would be equivalent to saying that if there had been a jury trial, the court should have directed a verdict for the plaintiff. Ordinarily, and in this case, this cannot be done. [Cleveland & Aurora Mineral Land Co. v. Ross, 135 Mo. 101, 107, 36 S. W. 216; Gannon v. Gas. Co., 145 Mo. 502, 517, 46 S. W. 968, 47 S. W. 907; Dyer v. Tyrrell, 142 Mo. App. 467, 472, 127 S. W. 114; Johnson v. Grayson, 230 Mo. 380, 394, 130 S. W. 673.]

Our Negotiable Instrument Law, section 10023, Revised Statutes 1909, reads: ''Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course.''

The plaintiff in making out his case developed the delay in the presentation of the checks and the manner in which he became endorser and, therefore, raised as an issue of fact to be determined by the trial court the question of the unreasonable length of time in the presentation, and raised the issue as to whether or not he could be deemed a holder in due course upon this one point alone. What was a reasonable length of time under the circumstances in this case, to say the most in behalf of the plaintiff, was solely a question of fact for the court as a trier of the facts.

If the burden of proof was not cast upon the plaintiff by section 10029 Revised Statutes 1909, by reason of the fact that it may be said that defendants became

bound on the checks prior to the acquisition of the defective title by the thief, yet there was testimony tending to prove, if not conclusively proving, that plaintiff was not a holder in due course under section 10023. Under the law, as it stood in this state before the enactment of the Negotiable Instrument Law, we should have to affirm the judgment. [Farmers Nat. Bank v. Dreyfus, 82 Mo. App. 399.] We do not see that any change has been made by that act on this point. There being no declarations of law, nor objections to the introduction or rejection of testimony, there is nothing left for us to do but affirm the judgment of the trial court. Affirmed. *Sturgis, J.* concurs. *Farrington, J.* concurs in a separate opinion.

## CONCURRING OPINION.

FARRINGTON J.—I concur in the foregoing opinion and believe the judgment should be affirmed for the further reason that the trial court was amply justified in finding that the handling and keeping of the checks by respondents was not such as to convict them of negligence.