LAURA COOPER v. MASSACHUSETTS BONDING AND INSURANCE COMPANY. —186 S. W. (2d) 549.

Kansas City Court of Appeals. December 4, 1944.

*·E. M. Jayne* for appellant.

*W̃. E. Shirley* and *M. D. Campbell* for respondent.

BLAND, P. J.—This is an action for trespass to real estate. The case was tried before the court, without the aid of a jury. There was a judgment in favor of plaintiff in the sum of $900, resulting in this appeal.

The suit was originally brought against the City of Kirksville, a city of the third class, and the appellant, the Massachusetts Bonding & Insurance Company, which is hereinafter called the defendant. At the close of the evidence the case was dismissed as to the city.

The facts show that plaintiff is the owner of two lots in the City of Kirksville, abutting upon Osteopathy Avenue in said city; that at the time plaintiff bought the lots Osteopathy Avenue was not a traveled street but it was later graveled and cindered. In the year 1938 the city passed an ordinance providing that certain streets in the city be paved, among which, was Osteopathy Avenue, and that the grade be fixed in accordance with an engineer's survey and blue print. The city, thereupon, entered into a contract with the Hursey Construction Company (hereinafter called the contractor) to do the work. The defendant is a surety company engaged in the business of writing surety bonds and, as such, executed a bond with the contractor, as principal, to insure the faithful performance of the work. The contractor did the work, under his contract and, in doing so, lowered the street level in front of plaintiff's property several feet, to her damage.

It is insisted that plaintiff's petition fails to state a cause of action, in that, it is claimed, that the petition shows, on its face, that plaintiff is not the owner of the property trespassed upon, that is, she does not own to the center of the street, but it shows that she is the owner only to the street line.

The petition alleges that plaintiff is the owner of Lots 20 and 21 in Block 4 in a certain addition in Kirksville; that ''the east line of said street was the west line of her said land.'' Defendant admits that where a petition alleges that plaintiff's property abuts upon 'a street the presumption is that he is the owner to the center line of the street, that part in the street being owned subject to the rights of the city to improve and use said street for street purposes. There is no question but that such is a true rule in reference to pleadings. [See Betts v. Kansas City Home Telephone Co., 121 Mo. App. 473; Stout v. Frick, 62 S. W. (2d) 1057, 1058.]

But defendant says that plaintiff is not entitled to the presumption, for the reason that she, in effect, states that she is not the owner of any property in the street; but, merely, that she owns to the east line of the street. We think there is no merit in this contention. The allegation is equivalent to saying that plaintiff's land abuts upon the

street. In referring to one's property the owner does not, ordinarily, include the part in the street and the statement in plaintiff's petition to the effect that the line of the street was the line of her property had reference to that part of the property owned absolutely by her and not subject to an easement in favor of the city for street purposes. It has been held that where one owns to the center of the street and conveys his property, *describing his property as being bounded on one side by a street,* he does not convey merely to the street line but to the middle of the street, unless a contrary intention is clearly expressed. [Snoddy v. Bolen, 122 Mo. 479; Grant v. Moon, 128 Mo. 43; Sikes v. Railroad, 127 Mo. App. 326, 336; Baker v. City of St. Louis, 7 Mo. App. 429.] In the case last cited, 1. c. 432, 433, the court said: "When, in 1856, the two Lindells made partition, the conveyance of each lot *with the street for its western boundary* carried the fee, subject to the public easement, to the center of the street." (Italics ours.) So, in this case, we are of the opinion that the description in the petition of the property carries with it the presumption that plaintiff owned to the middle of the street.

It is insisted that, in the ordinance in question, the city established the grade, and plaintiff could not maintain trespass against the city for work done on its streets, and that section 6699, Revised Statutes Missouri, 1939, has reference merely to a change in the grade already established. There is no merit in these contentions. The only method by which the city could legally establish the grade, in the first instance, was by passing an ordinance defining the limits of a benefit district and proceeding in the circuit court for the assessment of damages and benefits. [Robinson v. City of Poplar Bluff, 293 S. W. 503.] The city did not proceed in this manner, and it and the contractor, and any one who aided, abetted or assisted him, are liable to plaintiff for changing the grade in front of her property in the manner in which it was done. [Robinson v. City of Poplar Bluff, *supra*; Reed v. Peck, et al., 163 Mo. 333.]

It is insisted that the court committed error in rendering judgment in favor of plaintiff, for the reason that, while the contractor might have been liable to plaintiff, defendant is not, for the reason, that this is not a suit on the bond and its execution by defendant had nothing whatever to do with the commission of the trespass.

It is well settled that one who aids, abets, assists, or advises the trespasser in committing a trespass, is equally as liable as the one who does the act, himself. [Dyer v. Tyrrell, 142 Mo. App. 467, 471; Sperry v. Hurd, 267 Mo. 628; 63 C. J., p. 932.]

The question to be determined is whether the bonding company, in executing the bond as surety for the contractor, aided, abetted or assisted the contractor in committing the trespass. In order to decide this matter, of course, it is necessary for us to have all of the evidence before us bearing upon the circumstances under which the bond was

given and, especially, all of the written instruments in connection with the matter. But defendant has failed to furnish us with all of the documentary evidence that was introduced in evidence relating to this matter. What purports to be the contract and the bond appears in the abstract. However, the contract, itself, recites: "Contract documents shall consist of the following component parts: 1. Advertisement for Bids 2. Information for Bidders 3. The Accepted Proposal 4. General Conditions, Sections 1 and 2 5. Specifications 6. Plan and Drawings, enumerated as ——— Addenda No."

None of these documents appears in the record, although, plaintiff's Exhibit 4 (not shown in the abstract) was introduced in evidence by the plaintiff. The general description of this exhibit given in the abstract by the person who prepared it would indicate that Exhibit 4 contained the documents mentioned in the contract. Nothing is better settled than that the appellate court will not review the rulings of the trial court in matters of this kind unless an abstract of the record containing all the evidence bearing upon the subject is presented to the court. On account of the fact that all of the evidence has not been brought here by the defendant, we would be justified in refusing to consider the point made; but, if we consider it at all, we will presume that the exhibit omitted from the abstract would show the situation in a most unfavorable light to the defendant. [Smith v. Wilson, 296 S. W. 1036, 1040.]

Therefore, in considering the point, we will assume that Exhibit 4 would disclose that the city would not have let the contract to the contractor without the bond, and the contract required that the street be graded in the manner in which it was done. It is probable that the defendant is actually harmed in no way by indulging in these presumptions, for the reason that there is a finding of facts on the part of the trial court, reciting circumstances indicating that the contract provided these things.

In the abstract the contract is set forth and then follows the words: "And the following said Contract was the following signed bond," and then appears the bond. The contract and the bond were signed on the same day. Thus it appears that the contract and the bond constituted one writing and that the defendant had all of the information regarding the work that the contract contained. (However, we are not here meaning to say that the defendant would not have been charged with notice of the contract provisions even though the bond had not been attached to it.) The bond provides that the contractor "Shall well and truly perform and complete said project in strict accordance with said Agreement, Advertisement for Bids, General Conditions, Information for Bidders, Proposal, Plans, Specifications and related Documents;" that the contractor shall pay for the work and labor performed and the material furnished in connection with the contract, and defendant will indemnify all parties

against damages and related hazards in relation to the performance of the work.

Defendant introduced no testimony, and we have nothing from it showing what information it had, as to the absence of an ordinance, and proper proceedings instituted thereunder, for the establishment of the grade of the street in front of plaintiff's property, or, as to plaintiff's ownership of the property. However, no punitive damages were allowed by the trial court and defendant will be charged with the knowledge of these things as it makes no difference as to its good faith, of which there is no evidence, in the premises. [Dyer v. Tyrrell, *supra*; Checkely v. Ill. Cent. R. R. Co., 44 L. R. A. (N. S.) 1127, 1136; Wood v. N. Y. C. & H. R. R. R. Co., 148 N. Y. 290; Wilhelm v. Uttenweiler, 112 Atl. 94 (Pa.); 63 C. J. p. 890.]

In the Dyer case there was evidence that Tyrrell was surety for Stewart and Wood for the payment of the purchase price of certain ties to be cut from land supposed to have been owned by one Conannanni. The trees were cut and it was afterwards disclosed that the plaintiff in that case, instead of Conannanni, was the owner of the land upon which the timber was situated, and plaintiff brought suit against Stewart, Wood and Tyrrell for trespass. The court said, l. c. 471; "In this case it is wholly immaterial whether the trespassers, Stewart and Wood, or anyone who may have aided or abetted them, may have acted in good faith in the honest belief that they were purchasing the timber from the lawful owner, for if they did not purchase from the lawful owner, they acquired no title to the timber, and hence, would be liable for its value if they cut and removed it."

It thus appears that the case at bar must be looked upon as one where the city required that the bond be given before it would enter into the contract for the grading and paving of the street; that the contractor agreed with the city, among other things, to change the grade of the street and that the giving of the bond was to insure that the work be done, including the grading and consequent trespass.

Under such circumstances, it was for the court, sitting as a jury, to say whether defendant, in executing the bond, aided, abetted or assisted the contractor in committing the trespass. [Dyer v. Tyrrell, *supra*, l. c. 476.]

It is insisted by the defendant that the contractor was not proven to be a corporation. What difference this makes, if true, is not clearly stated, but we find evidence in the abstract tending to show that it was a corporation.

The judgment is affirmed. All concur.