MERCHANTS NATIONAL BANK, Appellant, v. GOTTLIB BRISCH et al., Respondents.

Springfield Court of Appeals, January 3, 1910.

1. **SALES: Breach of Guaranty: Rights of Purchaser: Bills and Notes.** Where the agent of the seller guarantees that the freight on a machine will not be over a certain sum, but when the machine arrives the freight demanded is greatly in excess of the amount guaranteed by the agent, and the purchasers are denied possession of the machine until the freight is paid, then as between them and the seller they have a right to refuse to take the machine and the consideration for the notes given for the machine will be held to have failed.

2. ———: **Refusal by Vendee to Take: Duty of Vendor: Bills and Notes.** The seller of an article cannot, on the wrongful refusal of a purchaser to take it according to contract, otherwise dispose of it and recover the full contract price from the first purchaser. He must credit the notes or debt of the original vendee with whatever amount he received for the article.

3. **BILLS AND NOTES: Fraud: Breach of Contract: Instruction.** Where an agent who sells a machine guarantees that the freight would not be over $100, but when the machine was shipped the freight was over $300; *held*, that this was not a fraudulent representation upon which an action for fraud could be based. So, in a suit on the notes given for the machine, where the plaintiff claims to be an innocent purchaser, it was error to instruct the jury on the theory that there was evidence showing fraud, and putting the burden upon the plaintiff to show that he had no knowledge thereof.

4. ———: **Negotiable Instrument Law: Fraud: Failure of Consideration: Burden of Proof.** Prior to the taking effect of the Negotiable Instrument Law of 1905, there was a difference as to the burden of proof, where the note was procured by fraud and when there was a failure of consideration.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Jones Bros.* and *C. H. Shubert* for appellant.

The evidence shows there was no fraud in obtaining this note, hence there is no evidence to support the verdict. 14 A. and E. Ency. Law, pages 33, 34; Weik v. Williamson-Gunning Adv. Co., 109 Mo. App. 6; Bretzfelder v. Waddle, 122 Mo. App. 462; Morris v. McMahan, 75 Mo. App. 494.

*Watson & Holmes* for respondents.

The issue of good faith on the part of the plaintiff in acquiring the note sued upon, having been tendered by the pleadings, the burden was upon it to establish to the satisfaction of the jury that it was a holder in good faith; and this fact was a question for the jury, and even though no evidence was introduced on this issue by the defendants, nevertheless, the credibility of plaintiff's testimony was to be passed upon by the jury. Huguman v. Hinds, 97 Mo. App. 347; Bank v. Pennington, 42 Mo. App. 355; Bank v. Donnell, 35 Mo. App. 373; Mayor v. Old, 51 Mo. App. 214; Campbell v. Hoff, 129 Mo. 317; Seehorn v. Bank, 148 Mo. 256.

GRAY, J.—This is a suit on a promissory note bearing date June 12, 1905, for $630, due on or before the first day of October, 1907, payable to the order of Russell and Company, an Ohio corporation, and payable at the Rolla State Bank, Rolla, Missouri, with interest from date at the rate of six per cent per annum, payable annually.

The suit was commenced by the Merchants National Bank, claiming to have purchased the same for value, in the usual course of business, on the 9th day of February, 1907. The answer alleged that in April, 1905, one H. W. Mitchell, an agent of the payee, persuaded the defendants to purchase a threshing outfit to be delivered to the defendants about the first of June, at the town of Russell, State of Kansas. It was alleged that the de-

fendants agreed to give for said machine a second hand separator, and to execute their three promissory notes, amounting to $1910; that at the time said contract was entered into, the said agent represented and guaranteed that the freight on the new outfit to the point where it was to be delivered, would not exceed $100. It was further alleged that the defendants were foreigners, wholly unable to read or write the English language, or to talk or understand the same, and that the said Mitchell, knowing these facts, prepared a written contract and falsely represented to the defendants that said written contract contained only the agreements heretofore set out, and that the defendants, being unable to read said contract, relied upon the representation of said Mitchell. It was further alleged that the defendants went to the town of Russell, in June, to receive said machine, but the same did not arrive until July 3, of said year, and when it did arrive, a bank at Russell, in behalf of the payee, presented a bill of lading for freight charges, amounting to over $300. The defendants further allege that they then had the written contract examined and found that it did not contain the conditions of the trade in regard to the freight, and that when they discovered said fraud, they renounced and repudiated the contract, and that said Russell and Company took possession of said machine and returned the same to their branch house at St. Joseph.

The defendants' answer closed with the following language: "Wherefore defendants say that said note sued upon in this cause was obtained from them by fraud, as hereinbefore alleged, and that the same was wholly without consideration and void." The reply was a general denial. Judgment was for defendants and plaintiff appealed.

The testimony in behalf of the plaintiff was limited to one witness—the cashier of the appellant bank. This witness testified that J. W. McClymonds was the president of the appellant bank, and also the president of

Russell and Company, payee; that the note was purchased in the usual course by his bank from the payee, without any notice of anything wrong in connection therewith. On cross-examination, the witness testified that the bank discounted much paper for the payee company, and that the payee company did its principal banking business with the said Merchants National Bank; that the note was presented for discount by one Pitts, treasurer of the company, and that he discounted the note but asked no questions and made no inquiries about the financial standing of the defendants; that when he bought the note he knew that interest was due and unpaid.

In behalf of the defendants, the testimony showed that they were foreigners with very little knowledge of the English language; that Mitchell came to their place and brought two or three quarts of whisky, and after they had agreed on the terms of the contract, as set out in their answer, he presented a contract to them and they were all drinking and he induced them to sign the contract; that when they went to Kansas to get the machine, possession was refused unless they would pay two freight bills, amounting to $370. In addition to their testimony, other witnesses testified that they were present and heard Mitchell represent and guarantee that the freight on the machine would not be more than $100.

We find no fault with the instructions given to the jury in behalf of the appellant. In behalf of the respondents, the court gave the following instruction: "The court instructs the jury if you find and believe from the evidence in this case, that the note sued upon was obtained from the defendants by fraud, it devolves upon the plaintiff to show by a preponderance of the evidence that it acquired the note from Russell and Company, the payee therein, before the maturity thereof, and without knowledge of such fraud, and for a valuable consideration before it can recover."

Under the evidence and pleadings, nothing can be found upon which to base this instruction. The allegations of fraud in the answer are simply that the agent guaranteed that the freight would not be over $100, and that he represented to them that a contract he was presenting for their signature, contained those provisions. And the evidence shows that the freight was over $100. The contract signed was not offered in evidence, and therefore, as to whether there is any difference between the oral contract and the written one, the evidence does not disclose. The guarantee of the agent that the freight would not be over $100, was not a fraudulent representation upon which an action for fraud could be based. The action of the court in giving this instruction, necessitates the reversal of the judgment.

The facts testified to by the defendants, show a failure of consideration. If the agent guaranteed that the freight would not be over $100, and when the respondents tried to get possession of the machine, the same was forbidden until they had paid freight amounting to over $300, then as between them and the seller, they had a right to refuse to take the machine.

The undisputed evidence shows that the payee then took the machine, together with the second hand machine, and disposed of them. If the contract was as testified to by the defendants, then the machine was never delivered and the consideration for the notes failed. On the other hand, if there was no guarantee that the freight would not exceed $100, yet the company took the machine, and as between it and the respondents, it would not be entitled to recover for all the notes, but if the second hand machine and the new machine have been sold and disposed of then the respondents might be liable for the balance on the notes, if any.

This note was executed prior to the taking effect of our negotiable instrument law of 1905. And therefore, the provisions of that act must not be considered in determining the law of this case. The cause was tried

by both parties on the theory that the burden of proof is the same wherein the defendant alleges the note was procured by fraud and when he alleges failure of consideration. As the law stood prior to 1905, there was a difference as to the burden of proof in the two defenses, which should be borne in mind on a retrial. [Bank v. Rominee, 136 Mo. App. 57, 117 S. W. 105; Hahn v. Bradley, 92 Mo. App. 399; Hamilton v. Marks, 63 Mo. 167.]

For the action of the court in giving the instruction above set forth, the judgment is reversed, and the cause remanded. All concur.