JOHNSON COUNTY SAVINGS BANK, Appellant, v. J. J. MILLS, Respondent.

Springfield Court of Appeals, April 11, 1910.

1. BILLS AND NOTES: Failure of Consideration: Negotiable Instrument Law: Holder in Due Course. In a suit on bills of exchange or "acceptances" given under a contract for the purchase of a lot of jewelry, and which instruments were sold to plaintiff before maturity, the evidence tended to show that the jewelry was worthless and that there was, in fact, no consideration for the acceptances. Held, that under sections 59 and 52 of the Negotiable Instrument Law, in case of failure of consideration, the burden of evidence was cast upon plaintiff to prove that it took the instruments in good faith and for value and without any notice of infirmity in the instruments, or defect in the title of the person who negotiated them.

2. ———: ———: Innocent Purchaser: Burden of Proof: Question for Jury. In a suit on negotiable instruments, the evidence of defendant tended to show a failure of consideration and the plaintiff, to establish that it was a holder in due course, introduced the depositions of its officers who testified that plaintiff obtained the instruments before maturity for twenty per cent less than their face value, and that it had no notice of any fraud practiced in the procurement, nor of a failure of the consideration. Held, that the weight of the evidence and credibility of the witnesses must stand or fall by the determination of the jury and, as their verdict had the approval of the trial court, the finding for defendant will not be disturbed on appeal.

3. PRACTICE: Pleading: General Denial: Failure to Object to Evidence. In a suit on negotiable instruments, the answer was a general denial, but the evidence introduced by defendant

tended to show a failure of consideration. No objection was made that this evidence was not proper under the pleading and plaintiff assumed the burden of showing that it was an innocent purchaser. *Held*, that having tried the case on the theory that the answer was sufficient to justify the proof made by the defendant, the case on appeal will be determined on the same theory.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,* Judge.

Affirmed.

*Jos. V. Pitts* for appellant.

(1) It devolves upon defendant to establish the failure of consideration, or fraud and the knowledge thereof, on part of the plaintiff before or at the time of such purchase. Hahn v. Bradley, 92 Mo. App. 399; 7 Cyc. 943. (2) Failure of consideration is no defense, if instrument is in the hands of a person who received it in "due course." Neg. Inst. Law, secs. 28, 57. (3) The court erred in overruling plaintiff's motion for new trial, because the verdict was against the evidence, and for the wrong party, and contrary to the weight of evidence. 7 Cyc. 944; Jennings v. Todd, 118 Mo. 296, 109 Mo. App. 665; Dymock v. Bank, 67 Mo. App. 97; 7 Cyc. 929; Norton on Bills and Notes (2 Ed.), 293; Bank v. Scoville, 24 Wend. (N. Y.) 115.

*Perry T. Allen* for respondent.

(1) In this case, the appellant saved no exceptions to the admission or exclusion of any testimony, neither did he save any exceptions to the instructions of the court given or refused at the time of the trial, but for the first time mentions his objections to the giving or refusing thereof in his motion for a new trial. He is therefore too late. Powers v. Allen, 14 Mo. 367; Dozier v. Jerman, 30 Mo. 216; State v. Elkins, 101 Mo. 243; Baker v. Railroad, 122 Mo. 599. (2) The trial

court did not err in overruling a motion for new trial. Bank v. Armstrong, 92 Mo. 265; Whiteside v. Long-acre, 104 Mo. App. 93.

NIXON, P. J.—This was an action wherein the Johnson County Savings Bank, a corporation, was plaintiff, and J. J. Mills was defendant, founded on five bills of exchange, dated July 12, 1907, for forty-eight dollars each, payable to the Rhode Island Manufacturing Company, a co-partnership, or order, drawn on and accepted by J. J. Mills, and sold and delivered by the Rhode Island Manufacturing Company to the plaintiff, Johnson County Savings Bank, on September 5, 1907.

The case was first tried before a justice of the peace in Douglas county where a verdict was found for the defendant. After an appeal to the circuit court of Douglas county, plaintiff filed its application for a change of venue. The case was sent to the circuit court of Greene county where the judge of Division No. 1 disqualified and sent the case to Judge Alfred Page of Division No. 2. Upon trial by jury, the defendant again prevailed, and the plaintiff has appealed.

It is urged that the trial court in overruling plaintiff's motion for a new trial committed reversible error for the reason that the evidence was not sufficient to sustain the verdict.

The evidence for defendant shows that he was engaged in the mercantile business in Douglas county, and that in July, 1907, an agent of the Rhode Island Manufacturing Company took his order for a quantity of jewelry; that he was then too busy to read the contract, but that the agent told him to sign it and then, if upon reading it over he should find it not satisfactory, he could cancel the order. He did cancel the order that evening by mail, but he received a reply advising him that the jewelry was on the road and that his letter came too late. In a few days, another agent came with some acceptances to be signed, but defendant refused

to sign them, saying that was not the contract; that the contract was that if he didn't sell the jewelry in ninety days, it was to be taken up by the company. He told the agent they looked too much like notes to him, although the agent represented that they were only acceptances to show that the jewelry was received. Later, an attorney from a nearby town whom defendant had known for years, called on him with the acceptances and told him that to sign them would not bind him any more than the contract which he had already signed; that it would not add to his liability. He then signed the acceptances. Defendant stated that the Jewelry later turned black and was utterly worthless, clearly showing a failure of consideration. He never sold any of the jewelry, but offered to return it and pay the freight both ways. The company refused to accept it.

The plaintiff's depositions showed that it received the acceptances by indorsement from the jewelry company and applied them on the company's account which amounted to several thousand dollars; that it took them before maturity for twenty per cent. less than their face value, and the president of the plaintiff in his deposition stated that the bank had no notice of any fraud practiced in the procurement of the acceptances or of a failure of the consideration.

Upon this evidence, the case went to the jury with instructions which in every way favored the plaintiff. The law is that when the defendant had shown a failure of consideration, it was encumbent upon the plaintiff bank to show to the satisfaction of the jury that it purchased the acceptances for value and without notice. Our Negotiable Instruments Act (Sess. Laws, 1905, p. 243) provides: "Sec. 59. Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some other person under whom he claims acquired the title as holder in due

course." A "holder in due course" is defined in section 52 of the same act to be a holder who has taken the instrument under the following conditions: "(1) That it is complete and regular on its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

It will be seen from these provisions of the law that when the respondent had shown that his acceptances were without consideration, the burden of evidence was on the appellant bank to show that it took the same in good faith and for value and without any notice of infirmity in the instrument or defect in the title of the person who negotiated it. The weight of the evidence and the credibility of the witnesses must stand or fall by the determination of the jury, and the finding of the jury in this case was approved by the judge who tried the case. The question under the evidence was one of fact for the jury. We will not disturb their finding. See Bank of Ozark v. Hanks, 142 Mo. App. 110, 125 S. W. 223.

The answer filed in this case was a general denial. But nowhere in the record is an objection made on this point. The only objection made by plaintiff was that the defendant could not go into the original transaction without first showing that plaintiff was not a bona fide holder. This objection was properly overruled. The case was tried on the answer as it stood and no objection to its sufficiency was urged at any time; nor was there any objection to evidence on account of its insufficiency. This being true, the case must be determined here on the same theory, that the answer filed was sufficient to justify the proof made by the defendant. [Johnson v. Dalrymple, 140 Mo. App. 232, 123 S. W. loc. cit. 1023.]

The plaintiff has had two trials and the jury in each instance has found that it is not entitled to recover. The judgment was for the right party and is affirmed. All concur.