## BIRCH TREE STATE BANK, Appellant, v. T. H. DOWLER, Respondent.

Springfield Court of Appeals, April 1, 1912.

1. BILLS AND·NOTES: Fraud: Want of Consideration: Innocent Purchaser: Burden of Proof. In an action on a promissory note given by defendant, the defense was fraud and want of consideration. The plaintiff claimed to be an innocent purchaser for value before maturity. *Held*, that the burden in the first instance was upon the defendant to show that the note was obtained by fraud, or was without consideration and when this is done, the burden shifts to the plaintiff to prove that he was an innocent purchaser for value before maturity.

2. INSTRUCTIONS: Referring to Pleadings: Bills and Notes. It is never permissible to refer the jury to the pleadings to ascertain what the issues are, but it is the duty of the court to tell the jury what facts must be found by them to be true to warrant a verdict and an instruction in an action on a promissory note, which tells the jury that if they should find from the evidence that the note sued on was one without consideration and that it was obtained by fraud and misrepresentation, as alleged by the defendant, etc., is *held* erroneous.

3. ――――: ――――: ――――. In an action on a promissory note an instruction which received the apparent approval of the appellate court in the case of Bank v. Hammond, 104 Mo. App. 403, is *held* erroneous, because it refers the jury to the pleadings and it appeared that this objection to the instruction was not brought to the attention of the appellate court in the Hammond case.

4. ――――: Burden of Proof: Bills and Notes: Want of Consideration. An instruction in an action on a promissory note, which tells the jury that even though the note was without consideration, yet the plaintiff should still recover unless plaintiff or its cashier had actual knowledge of the failure of consideration and impliedly places on defendant the burden of proving such actual knowledge, is erroneous, for since the adoption of our Negotiable Instrument Law the burden of proof in such cases would be on the plaintiff to show that he was an innocent holder.

5. BILLS AND NOTES: Want of Consideration: Where Consideration has Some Value: Instructions. In an action on a promissory note where the defendant pleaded want of con-

163 App.—5

sideration and the plaintiff claimed to be an innocent purchaser, it appeared that the note was given in consideration of certain kitchen cabinets, some of which were shipped to the defendant; there was no evidence that the cabinets were worthless, but on the other hand the evidence showed that they were of some value. *Held*, that the issue of want of consideration should not have been submitted to the jury.

6. ————: **Fraud: Sufficiency of Evidence.** In an action on a promissory note the evidence is held sufficient to take the case to the jury on the defense that the note was procured by fraud.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*L. B. Shuck, G. S. Sizemore, L. O. Nieder* and *Thomason & Clark* for appellant.

(1) Instruction No. 1 given on part of the defendant was erroneous because, first, scienter being the gist of defendant's defense on a charge of fraud and misrepresentation, the instruction should have told the jury that if the representations made to the defendant were false, the defendant must have believed them to be true. Snyder v. Stemmons, 151 Mo. App. 156; Woods v. Letton, 111 Mo. App. 51; Cement Co. v. Stewart, 103 Mo. App. 182; Lovelace v. Suter, 93 Mo. App. 429. Second, the instruction refers to the fraud and misrepresentation as alleged by the defendant, thereby directing the attention of the jury to the pleadings and not the evidence. Webb v. Carter, 121 Mo. App. 147; Proctor v. Loomis, 35 Mo. App. 488; McGinnis v. Railroad, 21 Mo. App. 399. Third, there was no proof that the note sued on was without consideration and it was error to tell the jury that if the note was without consideration the burden of proof shifted to the plaintiff. Reeves v. Letts, 143 Mo. App. 199; Jobes v. Wilson, 140 Mo. App. 291; Bank v. Rominee, 136 Mo. App. 57; Hahn v. Bradley, 92 Mo. App. 399.

Bank v. Dowler.

(2) The court erred in giving an instruction No. 3 given on part of the plaintiff, as that instruction assumes as a fact that there was a failure of consideration and cast the burden of proof upon plaintiff to show that it had no knowledge of that fact. Hamilton v. Marks, 63 Mo. 178.

*Green & Wayland* and *Orchard & Cunningham* for respondent.

(1) Instruction No. 1 has been approved by the St. Louis Court of Appeals on two different occasions. Bank v. Hammond, 104 Mo. App. 408. (2) If a maker of a promissory note introduces evidence tending to prove the note was procured by fraud the burden then devolves on the plaintiff to show that he is a bona fide holder for value. Hahn v. Bradley, 92 Mo. App. 404; Bank v. Hammond, 104 Mo. App. 409; Bank v. Hammond, 124 Mo. App. 180. (3) Where the evidence shows that the purchaser of notes had sufficient notice to put him on his guard, as to the fraudulent scheme under which they were procured from the maker and was therefore duly warned not to give any aid directly or indirectly to the swindle, the jury was justified in the case in finding the bank was not an innocent purchaser. Bank of Ozark v. Hanks, 142 Mo. App. 119; Bank v. Romine, 136 Mo. App. 57; Bank v. Romine, 154 Mo. App. 625. (4) This court well said, "The law has shown its consideration for the honest purchaser of negotiable paper and surrounded *bona fide* purchasers with every reasonable safeguard, but the legal maxim *"caveat emptor"* applies as well to the purchase of negotiable paper as to the purchaser of any other species of property. Bank v. Tuttle, 144 Mo. App. 302; Bank v. Hanks, 142 Mo. App. 119.

COX, J.—Action upon a promissory note given by defendant to one W. H. Hurt and by him endorsed without recourse to plaintiff. The defense was fraud and want of consideration. In reply to this, plaintiff

claimed to be an innocent purchaser for value before matured. Trial by jury, judgment for defendant and plaintiff has appealed.

Instruction No. 1 for defendant given by the court was as follows: ''The court instructs the jury that if you should find from the evidence that the note sued on was without consideration and that it was obtained by fraud and misrepresentation *as alleged by the defendant* then in such event before the plaintiff would be entitled to recover, it must be shown by the greater weight of the evidence. First, that it is a *bona fide* owner of such note. Second. That it purchased said note for value before maturity. Third. That it had no knowledge of said want of consideration or fraud and misrepresentation.'' (Italics are ours.) This instruction is erroneous. It is never permissible to refer the jury to the pleadings to ascertain what the issues are, but it is the duty of the court to tell the jury what facts must be found by them to be true to warrant a verdict. [Sinnamon v. Moore, 161 Mo. App. 168, 142 S. W. 494; Webb v. Carter, 121 Mo. App. 147, 98 S. W. 776; Proctor v. Loomis, 35 Mo. App. 488; McGinnis v. Railroad, 21 Mo. App. 399; Jaffi v. Railroad, 205 Mo. 450, 103 S. W. 1026.]

When defendant admits the execution of the note, and defends upon the ground that it was obtained by fraud or was without consideration, the burden in the first instance is upon him to make a prima facie showing sustaining his defense and when this is done, the burden then shifts to plaintiff to prove that he was an innocent purchaser for value before maturity. The legal proposition contained in the above instruction is correct and had the court declared therein that if the jury should find that Hurt with the intent to deceive made certain representations to defendant, naming them, and that defendant relied thereon and was deceived thereby etc. as is usually done in cases in which the party alleging fraud is the plaintiff instead of in-

structing them that if they should find that the note "was obtained by fraud and misrepresentation as alleged by the defendant" the instruction would have been correct. An unfortunate thing connected with this case is the fact that this instruction is almost a verbatim copy of an instruction given in Bank v. Hammond, 104 Mo. App. 403, 79 S. W. 493, and in that case it received the apparent approval of the appellate court. The objection now made against this instruction was not made in that case, however, and while the instruction was approved in that case, the question now before us was not passed on. The objection made to the instruction in that case was, that it wrongly placed the burden of proof upon plaintiff to show that he was an innocent holder of the note and all the court said in relation to the instruction in that case was as follows: "The first instruction given for defendant is correct on the showing made by the defendant that the notes were procured by fraud; on this showing the burden was shifted to the plaintiff to show by the preponderance of the evidence that it was a *bona fide* holder of the note for value." While the approval of this instruction in that case may have misled the trial court in this case, yet, it cannot be considered as authority in this case for the reason above stated that the question we are now called upon to decide was not raised or passed on in that case.

The other instructions were favorable to plaintiff. Since the case is to be retried we call attention to another instruction given in this case. No. 1 for plaintiff was as follows: "The court instructs the jury that although you may find that there was failure of consideration for the note executed by the defendant to W. H. Hurt yet, *unless you further find that the plaintiff bank or its cashier had actual knowledge of such failure of consideration at the time the purchase of said note was made by plaintiff bank, you will find for the plaintiff* . . ." (Italics are ours.) This in-

struction tells the jury that even though the note was without consideration, yet, plaintiff should still recover unless plaintiff or its cashier had actual knowledge of the failure of consideration and impliedly places on defendant the burden of proving such actual knowledge. This was erroneous. Since the adoption of our Negotiable Instrument Law, when defendant has made a prima facie showing that the note was without consideration then the burden is on plaintiff to prove that he was an innocent holder for value, that is, that he had no knowledge of the want of consideration for the note just the same as where a prima facie showing that the note was procured by fraud has been made. [Stat. 1909, Secs. 10022, 10025, and 10029; Bank v. Mills, 143 Mo. App. 265, 127 S. W. 425; Jobes v. Wilson, 140 Mo. App. 281, 124 S. W. 548; Bank v. Brisch, 140 Mo. App. 246, 124 S. W. 76.]

The evidence on the question of consideration is that defendant bought from Hurt 122½ kitchen cabinets to be shipped on his order and defendant was given the exclusive right to sell in Howell county for one year. His first order was for three cabinets which were sent to him and which he sold. There was no evidence that the kitchen cabinets were worthless but all the evidence shows that they were of some value. Under this state of the testimony the issue of want of consideration should not have been submitted to the jury, and upon a retrial unless the testimony is different, the question of want of consideration should be eliminated. On the question of the note being procured by fraud there was sufficient evidence to take the case to the jury and with the exception of instruction No. 1 for defendant above set out, the instructions given in so far as they related to the question of fraud were correct.

For the error of the court in giving instruction No. 1 for defendant, the judgment will be reversed and cause remanded. All concur.